4 La. App.

## No. 10,656

### Orleans

## WILLIAMS v. LEYLAND STEAMSHIP LINE

(June 6, 1927. Opinion and Decree.)
(July 14, 1927. Rehearing Refused.)
(October 6, 1927. Writ of Certiorari and Review Denied by Supreme Court.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal, Par. 508.**
The motion to dismiss is without merit, and may be said to have been abandoned.

2. **Louisiana Digest—Appeal—Par. 508.**
The brief, and argument of counsel, considered and discussed the merits, exclusively. The motion to dismiss is denied.

3. **Louisiana Digest—Master and Servant—Par. 154.**
Where an employee was injured in the presence of the employer's foreman, no notice of injury is necessary under Section 1 of the Compensation Law, providing that "no proceedings under this act for compensation shall be maintained unless notice of injury shall be given the employer within six months after the date of injury or death".

4. **Louisiana Digest—Master and Servant—Par. 154.**
A foreman is an agent or representative of his employer in the sense of Section 2 of the Compensation Law, which dispenses with notice when "the employer, or his agent, or representative, had knowledge of the accident". Whether the foreman communicates his knowledge of the accident to his principal is immaterial. Such knowledge will be conclusively imputed to the employer.

Appeal from Civil District Court. Div. "A". Hon. H. C. Cage, Judge.

Action by George Williams against Fred. Leyland Steamship Line.

There was judgment for plaintiff and defendant appealed.

"Motion to dismiss" denied and judgment affirmed.

George Sladovich, of New Orleans, attorney for plaintiff, appellee.

Dart and Dart, of New Orleans, attorneys for defendant, appellant.

## OPINION

WESTERFIELD, J. This is a suit under the Workmen's Compensation Law.

From a judgment, condemning defendant to pay plaintiff the sum of $20.00 per week for 400 weeks, defendant appeals.

The defense relied upon by defendant is the alleged failure of plaintiff to give defendant notice of injury, of which fact it is averred defendant had no knowledge.

Section 11 of the Compensational Law, as amended by Act 247 of 1920, reads:

"1. That no proceedings under this act for compensation shall be maintained unless notice of the injury shall be given to the employer within six months after the date of injury or death. * * *

"2. Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, or his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice."

Sections 13 and 14, as amended by Act 38 of 1918, reads:

"Section 13. That the notice provided for in Section 11 shall be made in writing and shall contain the name and address of the employee, and shall state in ordinary language, the time, place, nature and cause of the injury, and shall be signed by the person giving or making same. The notice may include the claim.

"Section 14. That any notice or claim under this act shall be given to the employer. If the employer be a partnership, then the notice may be given to any one of the partners. If the employer be a corporation, then the notice may be given to any agent of the corporation upon whom process may be served, or any officer of the corporation, or any agent in charge of the business at the place where the injury occurred. If the employer be a body politic, then the notice may be given to the individual connected with said body politic upon whom process may be served. Provided, however, that in any case notice of accident may be given to the person designated in the notice posted in accordance with Section 12. Any such notice shall be given by delivering it or sending it by mail by registered letter addressed to the employer or his or its hereinabove designated officer or agent at his or its last known residence or place of business."

The argument is that, considering these sections of the law together, the notice referred to is a written notice, emphasis being placed upon the words appearing in Section 14 to the effect that "any such notice shall be given by delivering it, or sending it by registered mail to the employer, or his hereinabove designated officer or agent".

Plaintiff, a longshoreman, was injured in the presence of Frank Lynn, a fellow-workman, and Alfred Handcock, defendant's foreman, by reason of a piece of metal ore falling from an iron bucket, and hitting him on the knee, causing ankylosis and permanent disability.

Defendant admits that Handcock was its foreman and in charge of plaintiff and other workmen who were unloading the metal ore for defendant's account at the time of the accident. Handcock testified that plaintiff was injured in the manner claimed by him and says he called defendant's office on the telephone and gave notice of the accident to someone, whose name he does not know, and did not ask; that the unidentified party instructed him

to make a detailed report upon the customary forms, provided by defendant, for such purpose, to which the witness claims to have answered that he had not been provided with such forms and that the other party promised to send him some, which he did not do.

Defendant insists that the knowledge of its foreman cannot be imputed to it, so as to bring the case within the terms of Section 2, to the effect that want of notice shall not bar proceedings under the act "if it be shown that the employer or his agent or representative had knowledge of the accident".

The question therefore is, whether a foreman is such agent or representative of his employer as contemplated by the act. If, as is claimed, defendant's foreman failed to communicate with his superiors, can his neglect, or disloyalty, or bad faith affect the situation unfavorably to plaintiff?

The object of notice is to afford the employer an opportunity to investigate, to detect fraud, and to minimize liability by the use of the best medical skill. It has been held that notice to a foreman, coupled with other circumstances from which actual knowledge may be inferred, is sufficient. Connell vs. Window Glass Co., 2 La. App. 93.

In Western States Gas and Electric Co. vs. Bayside Lumber Co., (Cal.) 187 Pac. 735, it was held that the employer had actual knowledge of the accident because "its foreman arrived at the scene of the accident before the deceased was removed and while the circumstantial evidence of the cause of his death was still manifest to his observation. Under these circumstances the law charges the employer with notice". See also Pryor vs. Sherer & Co., et al, 5 Cal. 1.

In Allen vs. City of Millville (N. J.), 95 Atl. 130, the court said: "A private or municipal corporation, as a legal entity, cannot, itself, have knowledge. If it can be said to have knowledge at all that must be imputed knowledge of some corporate agent". * * *

The language indicates what would be called knowledge in common parlance, such knowledge as most of us are confined to in the daily affairs of life.

Handcock was defendant's foreman and was present when the accident occurred and therefore had actual knowledge in the most literal sense of the term. He was the agent of defendant. His knowledge must be imputed to defendant, whether it was communicated to officials of the defendant corporation, or not.

In an English case, Lord Chancellor Brougham, in Kennedy vs. Green, 3 Myl. & K. 699, quoted by Mechem, Vol. 2, Second Edition, p. 1384, it was said: "Policy, and the safety of the public forbids a person to deny knowledge, while he is so dealing as to keep himself ignorant, or so that he may keep ignorant, and yet all the while let his agent know and himself perhaps profit by that knowledge. In such a case it would be most iniquitous, and most dangerous, and give shelter and encouragement to all kinds of fraud, were the law not to consider the knowledge of one as common to both, whether it be so in fact or not".

It is, of course, the duty of the agent to disclose to the principal all knowledge he may possess which seems essential to the principal's protection or guidance. "This duty the law conclusively presumes the agent to have performed" and such knowledge the law imputes to the principal whether the agent has "in fact disclosed it or not". Mechem, Vol. 2, p. 1390.

We conclude that defendant had actual knowledge, as required by the act, of the fact of plaintiff's injury and that therefore no notice was necessary.

The judgment appealed from is affirmed.