IDA M. PEARSON, PETITIONER-RESPONDENT, v. ARM-STRONG CORK COMPANY, RESPONDENT-PROSECUTOR.

Argued October term, 1928—Decided October 25, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the petitioner-respondent, *Riggins & Davis.*

For the respondent-prosecutor, *Ralph N. Kellam.*

PER CURIAM.

The petitioner in this case filed her petition on May 26th, 1925, to the workmen's compensation bureau, praying for compensation for the death of her husband, alleging in response to question number seventeen on said petition as follows:

"*Q.* What was the nature of the accident, and how did it happen?

"*A.* The petitioner's deceased husband contracted in the course of his employment with respondent wood alcohol poisoning, the said poisoning being caused by the nature of the plaintiff's business, and from which poisoning the petitioner's husband died on or about May 12th, 1925.".

The matter was heard before the deputy commissioner on the 30th of June, 1925, who found "that the said William

H. Pearson, deceased, did so contract wood alcohol poisoning in the course of his employment with the Armstrong Cork Company, the above-named respondent, and also that the deceased employe, William H. Pearson, died from endocarditis caused by wood alcohol poisoning occupationally contracted."

From this award the prosecutor appealed to the Court of Common Pleas of Camden county, where the said award was affirmed and judgment entered accordingly.

This writ of *certiorari* was allowed on the 25th of June, 1928, to the prosecutor to have the judgment so entered reviewed.

The deceased was engaged in a business for at least two years which obliged him to grind gum and mix wood alcohol and denatured alcohol with the same. The room in which he worked at times was permeated with alcoholic fumes. The doctors who were called for the petitioner in their opinions stated the history of the decedent's case and gave it as their opinion that the physical condition preceding his death was caused or contributed to by some poisoning, and they concluded that it was wood alcohol because the decedent was employed in the use of it, and they were satisfied that the poison which entered the body came from external conditions and was not due to any natural causes.

The respondent called a physician experienced in chemistry, who entertained the opposite view.

The testimony was of such a character as to leave the question as to the exact cause and origin of death under the circumstances to the judgment of the workmen's compensation bureau and that of the county court upon appeal.

We have reviewed the testimony of the witnesses in favor of the prosecutor and in favor of the defendant, and we are inclined to agree with the opinion of the Court of Common Pleas that the facts and circumstances of the case are strongly in support of the conclusion that the toxemia existing was the result of external wood alcohol poisoning or the absorption by the deceased of such irritant poisoning, and that death was caused or accelerated by said poisons taken into his system during the course of his employment by respondent.

Where two independent and distinct tribunals such as these have examined the facts and heard the testimony we do not think that a conclusion so reached should be lightly disturbed by this court upon a mere inspection of the written word, where there is ample support in the testimony for the conclusion so reached, and we therefore are of the opinion that such conclusion should stand undisturbed.

Since this is the only question which has been argued, we have reached the conclusion that the judgment of the Court of Common Pleas should be affirmed, and such will be the order.