STANDARD WATER SYSTEMS COMPANY ET AL., PROSE-
CUTORS, v. NETTIE A. ORT ET AL., DEFENDANTS.

Submitted October 16, 1931—Decided May 16, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutors, *McCarter & English.*

For the defendants, *Gebhardt & Gebhardt.*

PER CURIAM.

This writ of *certiorari* brings up for review a judgment
of the Hunterdon County Court of Common Pleas affirming
a determination of the workmen's compensation bureau
awarding compensation to the defendant for the death of her
husband as the result of an accident found to have arisen
out of and in the course of his employment. The record and
briefs are lengthy and the case was closely contested. The
contest turns over the question of whether or not there was
proof of an accident.

The decedent, Walter E. Ort, was employed as a machinist
by the prosecutor Standard Water Systems Company. On
December 29th, 1928, he was working with one Sherman at
the shop. He and Sherman were working on steel plates
weighing from thirty to seventy-four pounds each. They
were lifting them to a rolling machine. They carried them

eighteen feet and then they hammered them to the proper shape by means of a seven-pound sledge hammer. Decedent carried and hammered one-half of the eighteen plates worked on during the morning.

This work was finished at about ten-thirty A. M. and neither during the work nor at its finish did the decedent complain of any accident, injury or pain. The testimony was that he was in good health up to this day and at the time of commencing work on this morning. He inquired if there was any more work to be done and then around eleven-thirty A. M. started to walk home, as was his custom. He very shortly returned to the shop and asked one of the officers of the company, a Mr. Robert Bogart, to drive him home. During the drive he complained of pain, slumped down in his seat, and said something about having an attack of indigestion.

Upon his arrival home he was attended by a Dr. Hunt, who lived with him. The doctor found his heart greatly dilated and treated him constantly during the balance of the day and night up to the time of his death around six o'clock the next morning. Dr. Hunt gave the cause of death as acute dilatation of the heart, but did not in the death certificate attribute it to trauma. In his testimony (page 56) he said it was traumatic.

Both the doctor and the widow say that the decedent told them he had been doing heavy lifting and "guessed he had hurt himself." On January 4th, 1929, the widow inquired of an official of the prosecutor company if her husband had been doing heaving lifting and told him what her husband had said on the last day of his life.

The deputy commissioner and the Common Pleas judge both found that the death was caused by an accident. The prosecutor now urges that there was no evidence to sustain such finding. The question thus presented to us is a very close one.

In the first place it is argued by the prosecutor that the statements of the decedent to his wife and to Dr. Hunt that

he had been doing heavy lifting and guessed he had strained himself is of little or no probative value. Under the case of *Le Grande* v. *Hubbard & Lange,* 8 *N. J. Mis. R.* 470; 150 *Atl. Rep.* 575, this contention is sound. The statements were admissible and perhaps may be considered along with other evidence, but cannot be relied upon to prove the happening of an accident.

The prosecutor points out that the decedent made no outcry; did not complain to his fellow-workman of any injury; mentioned only indigestion as the cause of his discomfort on the way home; and then said he "guessed he injured himself by lifting." It must be admitted that these things negative the idea of the happening of an accident.

On the other hand we have a situation where a man shown to be in apparent good health, arrives at work in good spirits and good condition; does heavy lifting and pounding with a heavy sledge on steel; and then is unable to walk home, and dies within eighteen hours of acute dilatation of the heart, a condition which, according to defendant's expert testimony, may be and is produced by strenuous exertion which causes a sudden rush of blood to the heart, producing trauma in a weak heart.

Dr. Hunt testified that in his opinion the death was caused by dilatation produced by the heavy work done by decedent during the morning; and this testimony in no wise depends upon the statements made to him by decedent. It has a basis in the condition he observed in his patient and in the admitted fact that decedent had been doing the work described by the witness Sherman. The contradictory testimony of the other experts at most produced a question of fact to be determined, and two tribunals having already passed upon this question, this court should not disturb their finding when there is any evidence to reasonably support it. *Pearson* v. *Armstrong Cork Co.,* 6 *N. J. Mis. R.* 976; 143 *Atl. Rep.* 449.

The other question argued is whether or not the proper notice was given to the employer within ninety days. It will be remembered that on January 4th Mrs. Ort told an officer

of the employer that the decedent had mentioned a strain. Furthermore, on the day of the accident decedent told his superior of a complaint from which he was suffering. The language in *Holzwarth* v. *Hedden,* 1 *N. J. Mis. R.* 381, seems pertinent here:

"One point remains to be considered, that the respondent had neither notice nor knowledge of the injury. It is to be noted that the statute does not require notice or knowledge of an 'accident,' but merely of an 'injury,' so that no responsibility would attach to decedent or petitioner to make a specific claim within the statutory period that the decedent had met with an accident.

"The respondent had, through its foreman, all the knowledge of the circumstances surrounding the collapse of the decedent, that the decedent had and that was offered before the court. This information the foreman, Jack Emmenberg, received the next day, * * *.

"Under these circumstances, the argument that the respondent did not possess knowledge of the injury is without merit. It may not have considered that the injury was the result of an accident for which it was responsible, but it seems clear to me that it knew the decedent had in fact been injured."

The judgment is affirmed, with costs.