NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

GEORGE GOLDEN, PETITIONER, v. C. V. HILL & COMPANY, INC., RESPONDENT.

Decided April 25, 1940.

For the petitioner, *Crawford Jamieson.*

For the respondent, *George E. Meredith.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

The undisputed or admitted facts in this case are that the petitioner for some time prior to June 30th, 1938, had been in the employ of the respondent as a night watchman and that on that day about one A. M. a fire occurred at the plant of the respondent during the tour of duty of petitioner. The petitioner noted said fire and turned in an alarm to the Trenton fire department which, when it responded was met at the gates of respondent's factory and guided by the petitioner to the location of the fire. It is further admitted that on the morning of July 2d, 1938, petitioner suffered a left hemiplegia as a result of which he is now totally and permanently disabled.

Petitioner alleges that his present disability results from injury by accident arising out of and in course of his employment with respondent in that said hemiplegia was precipitated by the excitement and exertion incident to the above described fire at the plant of respondent.

Respondent, admitting that petitioner's present disability is one hundred per cent. total and permanent, maintains that it is the result of disease suffered by petitioner, namely arteriosclerosis, and that the fire incident had nothing to do with precipitating the said hemiplegia. Respondent further alleges that at no time was it notified by petitioner of the alleged injury nor that it had knowledge of the same.

Testimony of Mrs. Mary Golden, wife of the petitioner, called on his behalf, is that the petitioner returned home from work on the morning of June 30th, 1938, about seven-forty-five and that he was excited and raved and ranted; that though it was his usual custom to go to bed after eating breakfast he did not retire at all on this day but continued in the state of excitement and annoyed her with his raving and ranting. She further testified that he had always been a model husband and father previous to the accident and that his mental and physical condition had always been good heretofore. She further testified that he did not work on the night of June 30th but went to bed then for the first time since the fire and continued his strange actions the following day but did no work other than visiting the plant of respondent to collect his pay check. This would be on July 1st, 1938. On the following morning she stated it was necessary to call in Dr. John L. Wikoff to attend him.

Dr. Wikoff testified on behalf of petitioner that when he first called to see him on the morning of July 2d, 1938, he found him in bed suffering from a left hemiplegia, auricular fibrillation and hypertension; that he has treated petitioner from July 2d, 1938, to date but feels that the condition from which petitioner now suffers became permanent on May 30th, 1939. He stated from hypothetical question that his present permanent and total disability resulted from the incident of the fire at respondent's plant on the night of June 30th, 1938.

Dr. John A. Holland, also called by petitioner, testified that the hemorrhage which caused petitioner's present disability was of the slow leaking variety and this would therefore account for the fact that his actual collapse did not occur immediately. This medical expert also expressed the opinion from hypothetical question that the excitement and exertion

incident to the fire precipitated the hemorrhage which caused petitioner's present disability.

Members of the Trenton fire department who responded to the alarm and extinguished the fire testified that when they arrived at the plant they were met at the gate by petitioner who then conducted them to the scene of the fire and that during their stay at the plant they observed he was in a state of excitement and that he assisted them in extinguishing the fire.

It further appears from the testimony that the petitioner, because of his physical condition, is unable to appear in court to testify on his own behalf and is unable to give any rational testimony in any event.

On this posture of the facts respondent moves for dismissal of the petition on the ground that the petitioner fails to prove that he has incurred personal injuries by accident arising out of and in the course of his employment, urging the court cannot draw an inference that the incidents of the fire alarm are the producing cause of the subsequent collapse of petitioner because there is no evidence of what may have occurred to petitioner between the hours of one A. M. and seven-forty-five A. M., when he arrived at home. The respondent alleges that because of such lack such inference would have to be based on speculation as other events occurring while petitioner was on his way home may have contributed to his collapse rather than that it was caused by the excitement and exertion connected with the fire events. In this connection it seems to me that the speculative element applies to any inference to be drawn from possible happenings to the petitioner during the period from the end of the fire until his arrival at home rather than to the proven facts of what did happen during the fire, which latter facts the medical witnesses aver would be a competent producing cause of his disability. Respondent to avoid liability for the injuries complained of on the ground they result from other causes than the accident has the burden of proof to establish such other causes. *Atchison* v. *Colgate,* 3 *N. J. Mis. R.* 451; 128 *Atl. Rep.* 598. It offers no proof whatsoever that petitioner's injury is in fact the result of any cause other than the accident. .

Petitioner's proofs clearly establish that his injuries result from the alleged accident of June 30th, 1938. The Court of Errors and Appeals in the case of *Bollinger* v. *Wagaraw Building Supply Co.,* 122 *N. J. L.* 512; 6 *Atl. Rep.* (2*d*) 396, said: "Death from disease alone during the employment will not suffice, but injury or death which on proofs that are sufficient and persuasive, would not have occurred but for the services rendered in the employment, amount to injury by accident." In reaching a conclusion that the proofs sustain a finding that the petitioner has proven injuries by accident arising out of and in course of his employment I have not considered the testimony of the treating physician, Dr. Wikoff, of the history given him by the petitioner as to the cause of his injuries, such testimony being hearsay and for this reason not usable for the basis of such a finding. *Helminsky* v. *Ford Motor Co.,* 111 *N. J. L.* 369; 168 *Atl. Rep.* 420.

Respondent also moves for dismissal of the petition on the further ground that the evidence does not establish proof that the respondent had notice or knowledge of the accident under *R. S.* 34:15-17; *N. J. S. A.* 34:15-17. Miss Wanda Thorn, a witness called by respondent, testified that she was the private secretary of the treasurer of corporate respondent and that she makes out reports of accidents occurring at respondent's plant from information usually furnished her by respondent's plant foreman, but that at no time had she received from any source whatsoever any report of an accident involving this petitioner. However, she then testified further that she did receive, from some source she is now unable to recall, information to the effect that the petitioner had suffered a cerebral hemorrhage on June 30th, 1938, and as a result of this information made a report, *Exhibit P-1,* to respondent's group accident or sickness carrier, The Travelers Insurance Co., and this insurance carrier, after an investigation of the matter made payments to petitioner under the sickness coverage of its said policy, the receipt of which by petitioner was admitted.

In this connection it should be noted that petitioner is merely required by the act to prove that employer had knowledge of an injury. *Standard Water Systems Co.* v. *Ort,* 10

*N. J. Mis. R.* 659; 160 *Atl. Rep.* 523. Knowledge of proper corporate agent of employer of occurrence of injury, is sufficient notice within meaning of act. *Troth* v. *Millville Bottle Works,* 89 *N. J. L.* 219; 98 *Atl Rep.* 435.

Respondent argues that it had no knowledge of an accident or injury but merely information which led it, and its insurance carrier to the conclusion that the petitioner was suffering from an illness not related to his employment. However, from the information in respondent's possession that petitioner had suffered a cerebral hemorrhage it could just as readily have concluded that petitioner was suffering from an injury resulting from an accident occurring in its employ. The fact that it misinterpreted the knowledge it received is immaterial. *General Cable Corp.* v. *Levins,* 122 *N. J. L.* 383; 5 *Atl. Rep.* (2d) 731; *Holzwarth* v. *Hedden Iron Construction Co.,* 1 *N. J. Mis. R.* 381.

I, therefore, find and determine that the petitioner suffered an accident arising out of and in course of his employment with the respondent on the 30th day of June, 1938; that the respondent had due notice or knowledge of this accident; that as a result of said accident he incurred personal injuries in the nature of a left hemiplegia; that as a result of said injuries he was temporarily disabled for the period June 30th, 1938, to and including May 30th, 1939, and now suffers a total permanent disability, entitling him to four hundred weeks compensation therefor, with the further right to apply for additional compensation at the expiration of this time as provided by law (*R. S.* 34:15-12b; *N. J. S. A.* 34:15-12b).

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

HARRY H. UMBERGER,
*Deputy Commissioner.*