LINDA L. BARONE AND ROBERT J. BARONE, HER HUS-
BAND, PLAINTIFFS-APPELLANTS, v. JANET L. HARRA,
DEFENDANT-RESPONDENT, AND GERARD M. ROSS
AND PATRICIA ROSS, DEFENDANTS.

Argued April 10, 1978—Decided July 6, 1978.

Mr. *Lewis Stein* argued the cause for appellants (*Messrs. Nusbaum, Stein* and *Goldstein,* attorneys).

Mr. *James J. Plick* argued the cause for respondent (*Mr. Edward Krowen,* attorney).

PER CURIAM. Should the rule of *Hornyak v. The Great Atlantic & Pacific Tea Co.,* 63 *N. J.* 99 ,(1973), which established compensability under the Worker's Compensation Act for injuries occurring during a lunch break, defeat an employee's automobile accident negligence action, instituted more than two years before *Hornyak* was decided, against a fellow employee? The trial court answered this question affirmatively. The Appellate Division affirmed in an unpublished opinion, and we granted plaintiffs' petition for certification. 73 *N. J.* 41 (1976). We reverse.

The salient facts are undisputed. Plaintiff Linda L. Barone and defendant Janet L. Harra, both employees of McWilliams-Forge Company at its plant on Franklin Avenue, Denville, New Jersey, left work at noontime on May 25, 1970 to have lunch at the home of plaintiff's mother. They traveled in a motor vehicle owned and operated by defendant Harra. Upon leaving the plant their car collided with one driven by Gerard M. Ross and owned by Patricia Ross. The plaintiff suffered serious injuries.

On September 4, 1970, plaintiffs Linda L. Barone and her husband Robert J. Barone (hereinafter collectively referred to as plaintiff) filed a complaint against Janet L. Harra, Gerard M. Ross and Patricia Ross, alleging generally that the accident was due to the negligence of the defendants jointly or severally. Harra's answer denied negligence and set up a separate defense that plaintiff's exclusive remedy was under the Worker's Compensation Act. She also sought contribution from the Ross codefendants. The Ross' answer also denied negligence and likewise sought contribution from Harra.

Upon a showing that Gerard M. Ross was in the armed forces, the matter was placed on the military list in January 1971. In October 1974 defendant Harra moved for summary judgment on the ground that plaintiff's claims were barred by *N. J. S. A.* 34:15–8. That statute precludes tort actions against fellow employees for compensable injuries occurring while both persons are in the same employ, except for intentional wrongs. The trial court granted the motion, finding compensability was warranted under the principle enunciated by this Court in *Hornyak* on May 21, 1973. The trial court did not address plaintiff's contention that the *Hornyak* rule was inapplicable because it had been announced more than two years after the accident and that plaintiff had therefore been foreclosed from filing a petition for worker's compensation, *N. J. S. A.* 34:15–41 and –51.

The Appellate Division also concluded that *Hornyak* controlled. Additionally, it perceived no "existing authority conferring power on this court to extend the principle of retroactivity to the present situation so as to bar the Workmen's Compensation defense and permit the claim to proceed."

In *Hornyak* we held that an employee, injured in an automobile accident while returning to his place of employment from a nearby diner where he had gone to eat during a lunch break, suffered a compensable accident which arose out of and in the course of his employment. We reasoned that "the

plaintiff's departure for his lunch was no more an abandonment of his employment than were the departures in the coffee break cases," 63 *N. J.* at 106, and that "[b]ut for his employment * * * he would not have been subjected to the particular highway risks from which the accident on his return trip ensued." *Id.* at 108. The *Hornyak* rule was elaborated in *Wyatt v. Metropolitan Maintenance Co.,* 74 *N. J.* 167 (1977). There Justice Pashman commented:

* * * [o]ur decision [in *Hornyak*] was grounded on the more significant fact that an employee who interrupts his work and leaves his place of employment for lunch knows that he has not completed his workday and that he will be returning as soon as his lunch is over. His time is really not his own. [*Id.* at 171]

Both the trial court and the Appellate Division correctly concluded that plaintiff's injuries would be compensable if *Hornyak* applied. Plaintiff Linda Barone and defendant Harra, who had been working at the McWilliams-Forge Company, were taking their lunch recess period at the time of the accident. At the end of that respite they had expected to return to work. The luncheon break did not constitute such an interruption of employment service so as to sever the course of employment. The injuries plaintiff incurred arose out of and in the course of employment.

If an employee experiences a compensable accident, he may not maintain a common law tort action against a fellow employee arising out of the same incident. This result is mandated by *N. J. S. A.* 34:15–8, which provides that if an injury is compensable, a person in the same employ shall not be liable on account of such injury, except for an intentional wrong. Thus, a fellow employee, such as the defendant Harra, would be immune from responsibility. *Wellenheider v. Rader,* 49 *N. J.* 1, 9 (1967); *Bergen v. Miller,* 104 *N. J. Super.* 350, 353 (App. Div.), certif. den. 53 *N. J.* 582 (1969); *Konitch v. Hartung,* 81 *N. J. Super.* 376, 382 (App. Div. 1963), certif. den. 41 *N. J.* 389 (1964).

The critical question here is whether *Hornyak* should be applied retroactively or prospectively. In *Darrow v. Hanover Tp.,* 58 *N. J.* 410 (1971), Justice Proctor in a thorough and careful discussion held that abrogation of the doctrine of interspousal immunity in automobile negligence cases should be applied prospectively only. He pointed out that our courts have "generally followed the traditional view that the overruling of a judicial decision is retrospective in nature." *Id.* at 413. He wrote that whether the rule should be applied prospectively or retroactively depends on a weighing of various policies. He emphasized that reliance is the primary factor justifying adoption of a rule of prospectivity. Further, he noted that prospectivity would foster stability, not affect past relationships, and serve as an encouragement for judicial creativity. *Id.* at 419.

A comparable weighing of the factors is in order here. The accident had occurred in May 1970, and *Hornyak* was decided by this Court three years later. Under the Worker's Compensation Act a petition for compensation for injuries of the type involved here had to be filed within a period of two years from the date of the accident. *N. J. S. A.* 34:15-41 and -51; *Panzino v. Continental Can Co.,* 71 *N. J.* 298, 310 (1976) (Schreiber, J., dissenting) ; *Schwarz v. Federal Shipbuilding and Dry Dock Co.,* 16 *N. J.* 243 (1954). *Cf. White v. Violent Crimes Compensation Bd.,* 76 *N. J.* 368 (1978). Upon plaintiff's failure to do so, the remedy of worker's compensation became unavailable. See, *e. g., Valentine v. Walter Kidde & Co.,* 136 *N. J. L.* 292, 293 (Sup. Ct. 1947) ; *Riccioni v. American Cyanamid Co.,* 26 *N. J. Super.* 1, 8 (App. Div.), certif. den. 13 *N. J.* 289 (1953). It is patent that plaintiff, upon learning of *Hornyak,* could not have met the requirement that her compensation claim petition be filed within two years from the date of the accident.

Furthermore, under the law prior to *Hornyak* the accident would not have been considered one which arose out of and in the course of employment. In *Hornyak* itself, the Judge

of Worker's Compensation, the County Court and the Appellate Division each had denied compensation relying upon the pronouncement in *Jones v. Continental Electric Co. Inc.*, 75 *N. J. Super.* 76, 83 (App. Div.), certif. den. 38 *N. J.* 312 (1962), that

[w]hen the employee is given time off to leave the premises to have his meal, logic supports the holding that an injury during that interval does not arise out of and in the course of employment.

Plaintiff Barone had similarly and justifiably relied on this status of the law. This is evidenced by the fact that she did not file a compensation petition. Further, defendant Harra was fully cognizant of the invalidity of the separate defense, for counsel knew that, if a motion for summary judgment had been made shortly after the filing of the complaint, the motion would have been lost and the defense stricken. The only reasonable explanation for having waited four years to make the motion to suppress was the belief that the accident was not compensable.

We cannot accept the anachronistic notion that the Court in announcing *Hornyak* did not "pretend to make a new law" but simply "vindicate[d] the old one from misrepresentation," 1 *W. Blackstone, Commentaries* \*69. See *State v. Johnson*, 43 *N. J.* 572, 582–583 (1965). See also Levy, "Realist Jurisprudence and Prospective Overruling," 109 *U. Pa. L. Rev.* 1 (1960) ; Comment, "Prospective Overruling and Retroactive Application in the Federal Courts," 71 *Yale L. J.* 907 (1962). Substantial justice may be achieved only by respecting the bona fide expectations of both parties. Under these circumstances it would be inequitable to **bar plaintiff's** tort action. We hold that *Hornyak's* retrospective application, if any,[1] should not

---

[1]We do not reach the question whether *Hornyak* should be applied prospectively only. In *Darrow v. Hanover Tp.*, *supra*, the court in holding for prospectivity stated that insurance companies, relying

extend back to accidents occurring more than two years prior to its pronouncement on May 21, 1973 and that the defendant's separate defense that plaintiff's exclusive remedy was under the Worker's Compensation Act was not viable.

Justice Clifford and Justice Schreiber would reject the separate defense that the plaintiff's exclusive remedy was under the Worker's Compensation Act, since they do not share the view that the accident arose out of and in the course of plaintiff's employment.

The judgment is reversed and the cause remanded for trial.

*For reversal and remandment*—Chief Justice HUGHES, Justices SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—6.

*For affirmance*—None.

upon preexisting law, had not promptly investigated accidents involving possible interspousal claims, and that expedient investigation was a prophylactic device in preventing possible collusive and fraudulent claims. 58 *N. J.* at 418–419.