281 N.J. Super. 171 (1995)
656 A.2d 1287
LYNN McINTOSH AND FRED MC INTOSH, PLAINTIFFS-APPELLANTS,
v.
PATROLMAN JOHN DE FILIPPO AND THE TOWNSHIP OF RIVER VALE, DEFENDANTS-RESPONDENTS, AND RONALD CAPUTI, LILLIAN CAPUTI, AND CHRIS GARDNER, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1995.
Decided April 21, 1995.
*173 Before Judges MICHELS and STERN.
Michael I. Lubin argued the cause for appellants.
Thomas B. Hanrahan argued the cause for respondents (Harwood Lloyd, attorneys; Thomas A. Keenan, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Plaintiffs Lynn Mc Intosh and Fred Mc Intosh appeal from a summary judgment of the Law Division entered in favor of defendants Patrolman John De Filippo (De Filippo) and The Township of River Vale (River Vale) in their action to recover damages for personal injuries sustained when Lynn Mc Intosh was bitten by a vicious dog when responding to an emergency call as a member of the Old Tappan Ambulance Corps. The pivotal issue raised by this appeal is whether plaintiff and De Filippo are fellow employees within the meaning and intent of the Workers' Compensation Act, thereby entitling De Filippo and River Vale to immunity provided by N.J.S.A. 34:15-8.
The facts pertinent to the issues raised by this appeal are essentially uncontroverted. The Borough of Old Tappan (Old *174 Tappan) and River Vale are adjacent municipalities in the north-east region of Bergen County. On October 18, 1990, plaintiff was the president and an active member of the Old Tappan Volunteer Ambulance Corps. De Filippo was employed as a police officer by River Vale. At the time of plaintiffs injury, Old Tappan and River Vale had an Interlocal Services Agreement, entered into pursuant to the Interlocal Services Act, N.J.S.A. 40:8A-1 et seq., under which River Vale and its employees provided emergency call reception and dispatching services for Old Tappan. Pursuant to their agreement, if a resident of Old Tappan made an emergency call to the Old Tappan Police Department, it would be received by a police dispatcher working for River Vale at the River Vale Police Headquarters. The River Vale police dispatcher would then answer the call and dispatch police, fire and other emergency services in Old Tappan to the scene of the emergency. Old Tappan did not, and presently does not have, its own emergency call reception and dispatching facilities.
On October 18, 1990, De Filippo received an emergency call from defendant Lillian Caputi, an elderly woman who resided in Old Tappan. The allegations of plaintiffs' complaint as to what was said in the emergency call by Ms. Caputi and what was said and done by De Filippo in response thereto are in dispute. Plaintiffs contend that Ms. Caputi expressly advised De Filippo that she was being attacked by two dogs on the premises, and as a result, was having breathing difficulty and was in need of emergency medical assistance. According to plaintiffs, notwithstanding the receipt of this information, De Filippo dispatched a call to the Old Tappan Volunteer Ambulance Corps to render aid and assistance to Ms. Caputi in which he merely stated that the person in need of assistance was having "breathing difficulties." Plaintiffs claim that De Filippo completely failed to mention that there were vicious dogs on the premises and that one of the dogs was attacking the caller. Defendants, on the other hand, contend that it was not until De Filippo had already dispatched plaintiff that he learned of the presence of vicious dogs at the emergency scene, and, since plaintiff had already been dispatched and was traveling *175 in her own car where she could not be contacted, there was no way that De Filippo could relay to plaintiff the information about the presence of the vicious dogs.
There is no dispute that plaintiff responded to the emergency call and arrived at the Caputi residence, and that when she entered Ms. Caputi's residence she was attacked and bitten by one of the dogs. Plaintiff sustained multiple lacerations to her right hand and upper right leg as well as nerve injury to her right hand as a result of the bite.
Plaintiff instituted this action against De Filippo, River Vale, Ms. Caputi, Ms. Caputi's son Ronald Caputi, and Chris Gardner, the individual who allegedly owned the dogs, to recover damages for the personal injuries she sustained as a result of the attack by one of the dogs. Plaintiff's husband, Fred Mc Intosh sued per quod. After issue was joined, De Filippo and River Vale moved for summary judgment on the ground that plaintiffs' action was barred by the fellow-employee doctrine of our Workers' Compensation Act. Based on the relationship between Old Tappan and River Vale under the Interlocal Services Agreement, the trial court concluded as a matter of law that plaintiffs' claims against De Filippo and River Vale were barred by the fellow-employee tort immunity provided by the Workers' Compensation Act. The trial court thereupon dismissed plaintiffs' complaint and the cross-claims that the Caputis and Gardner filed against De Filippo and River Vale. Plaintiffs then settled their claims against the Caputis and apparently dismissed the complaint against Gardner, thereby disposing of all issues as to all parties and rendering the summary judgment in favor of De Filippo and River Vale final and appealable as of right. Plaintiffs appealed.
Plaintiffs contend that the trial court erred in determining as a matter of law that their claims were barred by the fellow-employee tort immunity provided by the Workers' Compensation Act because plaintiff and De Filippo were not co-employees. Rather, they claim that plaintiff and De Filippo were employees of separate and independent municipalities and neither the Interlocal *176 Services Agreement between Old Tappan and River Vale, nor the fact that both municipalities were members of The Bergen County Joint Insurance Fund created pursuant to N.J.S.A. 40A:10-36 et seq. changed their status, and, therefore, neither De Filippo nor River Vale are protected from suit by the fellow-employee tort immunity of N.J.S.A. 34:15-8.
Our Workers' Compensation Act, N.J.S.A. 34:15-1 et seq., establishes a no-fault compensation system for employees who are injured while working for their employer. N.J.S.A. 34:15-1, in pertinent part, provides:
When personal injury is caused to an employee by accident arising out of and in the course of his employment, of which the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he shall receive compensation therefor from his employer, provided the employee was himself not willfully negligent at the time of receiving such injury ...
The remedies provided by the Workers' Compensation Act are exclusive. N.J.S.A. 34:15-8, in pertinent part, provides:
Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee ...
Further, under the Workers' Compensation Act, employees are provided immunity from suits brought by a co-employee arising from injuries sustained at work. N.J.S.A. 34:15-8, in pertinent part, specifically provides:
If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.
The fellow-employee tort immunity provided under the Workers' Compensation Act has been explained as follows:
If an employee experiences a compensable accident, he may not maintain a common law tort action against a fellow employee arising out of the same incident. This result is mandated by N.J.S.A. 34:15-8, which provides that if an injury is compensable, a person in the same employ shall not be liable on account of such injury, except for an intentional wrong. Thus, a fellow employee, such as the defendant ... would be immune from responsibility. (citations omitted).
[Barone v. Harra, 77 N.J. 276, 279, 390 A.2d 571 (1989).]
*177 Thus, the critical issue is whether plaintiff and De Filippo were co-employees at the time of the incident. If they were, De Filippo would be immune from suit by virtue of the fellow-employee tort immunity provided by N.J.S.A. 34:15-8, as the trial court found. On the other hand, if plaintiff and De Filippo were not co-employees at the time of the incident, De Filippo would not be entitled to such immunity.
The Interlocal Services Act, N.J.S.A. 40:8A-1 et seq., permits municipalities to pool their resources and provide joint services to their residents. The Interlocal Services Act, which became effective on August 2, 1973 (L. 1973, c. 208, § 1), amended the Department of Community Affairs Act of 1966 (P.L. 1966, c. 293; N.J.S.A. 52:27D-1 et seq.) and the Consolidated Municipal Service Act, (P.L. 1952, c. 72; N.J.S.A. 40:48B-1 et seq.), and permitted political subdivisions of the State to provide services jointly. The legislative intent in this regard is clearly expressed in N.J.S.A. 40:8A-10 of the Interlocal Services Act as follows:
It is the intent of the Legislature to facilitate and promote interlocal and regional service agreements, and therefore the grant of power under this act is intended to be as broad as is consistent with general law relating to local government.
Furthermore:
Any local unit of that State may enter into a contract with any other local unit or units for the joint provision within their several jurisdictions of any service which any party to the agreement is empowered to render within its own jurisdiction.
[N.J.S.A. 40:8A-3.]
* * * * * * * *
The parties to a contract authorized by this act may agree to provide jointly, or through the agency of one more of them on behalf of any or all of them, any service or aspect of a service which any of the parties on whose behalf such services are to be performed may legally perform for itself. Such services shall include, but not be limited to, the areas of general government administration, health, police and fire protection, code enforcement, assessment and collection of taxes, financial administration, environmental services, joint municipal courts, youth, senior citizens, welfare and social services programs.
[N.J.S.A. 40:8A-5.]
Old Tappan and River Vale entered into an Interlocal Services Agreement, as permitted and encouraged by the Interlocal Services *178 Act. Old Tappan contracted to use the services of River Vale, including its emergency dispatcher unit. The Interlocal Services Agreement between River Vale and Old Tappan contained the following pertinent provisions:
1. The Township [River Vale] shall continue to supply to the Borough [Old Tappan] the police services previously supplied which consisted of:
a. Rendering 24-hour radio dispatch of police, fire and ambulance corps vehicles;
b. Providing daily testing of home radio alerts;
c. Providing computer information as required with respect to the Division of Motor Vehicles, local warrant checks, NCIC and SCIC; and
d. Maintaining radio logs and calls and recording of all calls.
2. The foregoing services shall be provided to the Borough of Old Tappan on a 24-hour basis, 365 days a year.
3. The duration of this Agreement shall be for a term of five (5) years.
4. The Borough and the Township agree that the current (1991) cost of providing such services is $35,598. The Borough shall pay to the Township the sum of $35,598 for the aforesaid services to be provided in the year commencing January 1, 1991. The consideration to be paid by the Borough for each of the following years shall be $35,598 plus a percentage increase equal to the percentage increase in salary paid by the Township to its police force in each year subsequent to 1991. The Township Administrator of the Township shall give this figure to the Borough Clerk of the Borough no later than December 1st of each year.
5. Payments shall be made quarterly on February 1, May 1, August 1, and November 1 following submission by the Borough of its vouchers.
6. The Township [River Vale] shall be named as an additional insured on the Borough's [Old Tappan's] liability insurance coverage, and the Township is held harmless by the Borough from any and all claims of whatever nature or type, arising from the provision of the services herein described.
Regarding De Filippo's relationship with Old Tappan, N.J.S.A. 40:8A-6c of the Interlocal Services Act, in pertinent part, provides:
For the purposes of this act, any party performing a service under such a contract is the general agent of any party or parties on whose behalf such service is performed pursuant to the contract, and such agent party shall have full powers of performance and maintenance of the service contracted for and full powers to undertake any ancillary operation reasonably necessary or convenient to carry out its duties, obligations and responsibilities under the contract ...[1]
*179 Under paragraph 6 of the Interlocal Services Agreement between River Vale and Old Tappan, and N.J.S.A. 40:8-6c of the Interlocal Services Act, De Filippo, while performing dispatching services for Old Tappan, was clearly a general agent of Old Tappan. See generally Bodine v. Berg, 82 N.J.L. 662, 667, 82 A. 901 (E. & A. 1912); Restatement (Second) of Agency § 3 (1957); 2A C.J.S. Agency § 21 (1972); 3 Am.Jur.2d Agency § 6 (1986). De Filippo was in essence working for Old Tappan in his capacity as radio dispatcher. As such, plaintiff and De Filippo are deemed to be co-employees of Old Tappan within the meaning and intent of our Workers' Compensation Act, and, therefore, plaintiffs' cause of action against De Filippo is barred by the fellow-employee tort immunity provided by N.J.S.A. 34:15-8. The trial court, therefore, properly granted summary judgment in favor of De Filippo.
However, we are constrained to summarily reverse the summary judgment in favor of River Vale and remand the matter to the trial court for reconsideration in light of the Supreme Court's decision in Volb v. G.E. Capital Corp., 139 N.J. 110, 651 A.2d 1002 (1995), which was handed down while this appeal was pending. In Volb, the Court, in reversing a summary judgment in favor of an employer, held that the employer was not entitled to immunity from tort liability for the alleged negligence of its employee which occurred while that employee functioned as a special employee of another, even though the employee was entitled to fellow-employee tort immunity under the Act. Id. at 121, 651 A.2d 1002. Upon remand, the trial court should also consider River Vale's contention that plaintiffs' claims are barred by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.
Accordingly, the summary judgment in favor of De Filippo is affirmed and the summary judgment in favor of River Vale is reversed. The matter is remanded to the trial court for further *180 proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] The Legislature, in enacting N.J.S.A. 40A:8A-1 et seq., made no provision regarding the impact of an injury to an employee of one municipality while responding to an emergency call in another municipality. Other statutes regarding the rendering of emergency assistance address the issue. See, e.g., N.J.S.A. 40A:14-152 and N.J.S.A. 40A:14-156; State v. Montalvo, 280 N.J. Super. 377, 655 A.2d 476 (App.Div. 1995).