740 A.2d 167 (1999)
325 N.J. Super. 582
Arthur BROCK, Petitioner-Appellant,
v.
PUBLIC SERVICE ELECTRIC & GAS COMPANY, Respondent-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted October 25, 1999.
Decided November 18, 1999.
*168 Galex Tortoreti and Tomes, East Brunswick, for petitioner-appellant (Susan P. Callahan, on the brief).
Michals, Wahl, Silver & Leitner, Woodbridge, for respondent-respondent (Robert Silver, on the brief).
Before Judges HAVEY, KEEFE and LINTNER.
The opinion of the court was delivered by KEEFE, J.A.D.
Petitioner Arthur Brock appeals from an order entered in the Division of Workers' Compensation denying his motion for certain discovery documents and dismissing his claim petition on the ground that he failed to prove his employer, respondent Public Service Electric & Gas Company (PSE & G) had knowledge of his asbestosis condition in the context of N.J.S.A. 34:15-33. Brock appeals arguing that additional discovery would have established facts sufficient to show that PSE & G had knowledge of his condition so as to satisfy the requirements of the statute. We disagree and affirm.
Arthur Brock was an employee of PSE & G from 1956 until his retirement in 1987. It is undisputed that he was exposed to asbestos on a regular basis. During the period of his employment, PSE & G periodically screened Brock to determine if he had developed asbestosis. In 1988, after Brock retired, he began to suffer shortness of breath and was diagnosed with a mild localized pleural reaction in the right lung.[1] In 1989 Brock's condition worsened, and after seeing a pulmonary internist he was diagnosed with pleural asbestosis. In 1990, Brock filed a lawsuit against several manufacturers, distributors, and suppliers of asbestos material in the Superior Court, Law Division, which resulted in a settlement.
On October 23, 1991 Brock filed a workers' compensation claim against PSE & G for pulmonary disease and asbestosis allegedly arising out of and in the course of Brock's employment there. PSE & G filed a notice of motion to dismiss the claim with prejudice for failure to comply with the notice provisions of N.J.S.A. 34:15-33. Judge Ricciardelli, Supervising Judge of Compensation, granted the motion and dismissed *169 the petition. Petitioner appealed that decision to this court.
Another part of this court reversed and remanded with one judge dissenting, and held that where the employer has not been prejudiced, untimely notice should not bar a petitioner's claim for workers' compensation benefits. 290 N.J.Super. 221, 675 A.2d 668 (App.Div.1996). Because of the dissent, PSE & G appealed as of right to the Supreme Court. R. 2:2-1(a)(2).
The Supreme Court held that since the judiciary was bound to apply the statute as enacted by the Legislature, prejudice to the employer was not a factor to be decided under the notice provisions of N.J.S.A. 34:15-33. Brock v. Public Service Elec. & Gas Co., 149 N.J. 378, 390-91, 693 A.2d 894 (1997). The Supreme Court remanded the case to the Division of Workers' Compensation, however, to resolve an issue raised for the first time at oral argument before the Court, i.e., whether PSE & G had actual knowledge during the employment relationship that Brock had contracted a compensable occupational disease thereby satisfying N.J.S.A. 34:15-33. Id. at 391-92, 693 A.2d 894.
On remand, petitioner issued a subpoena for discovery and production of PSE & G's documents. Brock received PSE & G's personnel files, documents relating to third party litigation, as well as X-rays and medical records regarding Brock's health during his years of employment with PSE & G. Brock's PSE & G medical records revealed that he was not suffering from a pulmonary condition during his employment. Petitioner also filed a notice of motion for discovery of additional documents. Specifically, petitioner wanted respondent to produce:
1. All documents exchanged between PSE & G and outside consulting firms (medical or otherwise) which address the dangers of asbestos;
2. All internal memorandums/documents concerning the dangers of asbestos and plans to rid the various PSE & G plants and properties of same;
3. Any and all Health Surveys which address asbestos exposure obtained or received by PSE & G which address the consequences of exposure to asbestos and any and all internal memorandums which address the contents of same;
4. The names and address of all medical directors of PSE & G during the course of Petitioner's employment so that they may be deposed concerning their knowledge of asbestos exposure and its consequences;
5. Any and all internal documents exchanged between PSE & G and its medical director(s)/medical department which address the effects of exposure to asbestos on the human body;
6. The names and address of all workers [sic] compensation adjusters assigned to handle asbestos exposure claims during the course of Petitioner's employ so that they may be deposed with regard to the knowledge they have possessed concerning asbestos exposure and its consequences;
7. Any and all documents which address the need for annual screenings/monitoring of PSE & G employees;
8. Any and all documents which address the monitoring of retired PSE & G employees;
9. A list of asbestos claims filed against PSE & G before Petitioner's retirement;
10. All documents which address the need for protective equipment and proper ventilation for those workers expected to be exposed to asbestos;
11. All documents which address the need for air sampling in areas in which asbestos was located and the results of said; and
12. All documents which address what action was taken to remove asbestos.
Judge Ricciardelli heard arguments and denied Brock's discovery motion. In a reserved decision dated December 3, 1998 *170 addressing the Supreme Court's remand order, the judge concluded that PSE & G's
knowledge was confined to 1) Asbestos exposure may cause pulmonary conditions. 2) All the testing of Mr. Brock which respondent provided was negative. 3) Several employees had filed third party and Workers' Compensation claims for pulmonary disabilities. 4) The third party cases were filed years prior. 5) The Workers' Compensation claims were filed years prior, and 6) Mr. Brock had not filed a Workers' Compensation claim.
Judge Ricciardelli reasoned that knowledge that some of PSE & G's employees contracted asbestosis was not constructive notice that petitioner contracted it as well. The judge thus determined that Brock did not meet his burden of proof to show that PSE & G had knowledge of Brock's asbestosis. The judge therefore dismissed petitioner's workers' compensation claim. Furthermore, the judge explained that she denied the motion for additional discovery because it was simply a "fishing expedition" that would not shed additional light on the issue at bar. This appeal followed.
The relevant portion of the Workers' Compensation Act provides that:
[u]nless the employer during the continuance of the employment shall have actual knowledge that the employee has contracted a compensable occupational disease, or unless the employee ... shall give the employer written notice or claim that the employee has contracted a compensable occupational disease, which notice to be effective must be given within a period of five months after the date when the employee shall have ceased to be subject to exposure to the occupational disease, or within ninety days after the employee knew or ought to have known the nature of his disability and its relation to his employment, whichever period is later in duration, no compensation shall be payable on account of the death or disability by occupational disease of the employee.

[N.J.S.A. 34:15-33].
There is no dispute that petitioner failed to provide the employer with written notice within the time prescribed by the statute. Brock, supra, 149 N.J. at 391, 693 A.2d 894. Instead, petitioner claims that compliance with the statute would have been proven through the denied discovery, that is, PSE & G had actual knowledge during Brock's employment that Brock contracted[2] a compensable occupational disease. Therefore, petitioner argues that this court should reverse the judgment below and permit discovery to proceed.
Petitioner begins his argument by pointing out some of the goals of the Workers' Compensation Act. Indeed, the Act was designed to establish a no fault system of compensation for workers who are injured or contract a disease in the course of employment. McIntosh v. DeFilippo, 281 N.J.Super. 171, 176, 656 A.2d 1287 (App.Div.1995). Furthermore, we agree with petitioner that remedial social legislation should be construed liberally so as to achieve its beneficent purpose applies as well. See, Panzino v. Continental Can Co., 71 N.J. 298, 303, 364 A.2d 1043 (1976); Torres v. Trenton Times Newspaper, 64 N.J. 458, 461, 317 A.2d 361 (1974).
The problem, however, is that the Supreme Court, in this very case, applied the principle of statutory construction that when statutory language is clear, the court should apply it as enacted. Brock, supra, 149 N.J. at 391, 693 A.2d 894. The statute requires that for an employee to maintain a suit under the Act, "the employer during the continuance of the employment shall have actual knowledge that the employee has contracted a compensable occupational disease." N.J.S.A. 34:15-33. The statute *171 does not require first hand knowledge, but rather "knowledge in common parlance, such knowledge as most of us are confined to in the daily areas of life." Allen v. City of Millville, 87 N.J.L. 356, 358, 95 A. 130 (Sup. Ct.1915), aff'd, 88 N.J.L. 693, 96 A. 1101 (E. & A.1916). Knowledge "attributable to the famous `reasonable man' in the ordinary course of business affairs" suffices. Mitchell v. Mucon Corp., 51 N.J.Super. 208, 213, 143 A.2d 802 (Cty. Ct.1958). As a logical matter, this must be so because a corporation, the entity from which compensation is sought, cannot have first hand knowledge of the injury itself, but rather must act through its agents. Allen, supra, 87 N.J.L. at 357, 95 A. 130.
Plaintiff cites several cases that discuss the concept of actual knowledge. In Mitchell, the court found that "a report by a worker, of disability, to her foreman is sufficient to put the employer on notice, especially when accompanied by the subjective observation of the employee that such disability is due to, and caused by the position in which the employee is forced to work." Mitchell, supra, 51 N.J.Super. at 214, 143 A.2d 802. In that case, however, the injured employee gave notice to the employer (via the foreman) during the course of employment. Ibid. Indeed, in all the other cases cited by petitioner, the employer had knowledge of that particular employee's injury or disease. Bollerer v. Elenberger, 50 N.J. 428, 236 A.2d 138 (1967)(proprietor of bakery noticed employee could not perform routine tasks and co-employees saw employee had difficulty moving right arm and dragged right leg); Goldstein v. Continental Baking Co., 16 N.J. 8, 105 A.2d 848 (1954)(employee delivered doctor's note of his injury to a supervisor); Kardos v. American Smelting & Refining Co., 132 N.J.L. 579, 39 A.2d 509 (Sup.1944) aff'd, 133 N.J.L. 39, 42 A.2d 271 (E. & A.1945)(plant physician saw employee suffering from a well advanced pneumonia); Golden v. C.V. Hill & Co., 18 N.J. Misc. 330, 13 A.2d 307 (Dep't Labor 1940)(report made that employee suffered a cerebral hemorrhage). We have no quarrel with the propositions of law which these cases establish. Unfortunately, however, they do not advance petitioner's argument in this case.
The evidence in this case clearly establishes that PSE & G did not know during Brock's employment that he had contracted a compensable occupational disease. Brock's medical records reveal that during his employment with PSE & G he did not suffer from any pulmonary problems. The additional discovery could not show actual knowledge of Brock's illness because the information sought does not address Brock's medical condition. Instead, petitioner seeks documents that would confirm PSE & G knew asbestos was carcinogenic and that certain other employees filed asbestos claims. Judge Ricciardelli correctly concluded that the employer's knowledge that some of its employees were adversely affected by asbestos is not the type of knowledge the statute requires. As the judge observed, to conclude otherwise would emasculate the notice provision and place PSE & G "in the untenable position of being subject to a claim by any employee into infinity."
Furthermore, N.J.S.A. 34:15-33 does not impose a duty of inquiry as to an employee's medical condition upon an employer beyond the time of employment. Neither the language of the statute nor the cases cited by petitioner support the contention that employers have a duty to inquire after the employment relationship has been terminated. The statutory language is couched in terms of what the employer actually knew during the time the employee worked with the company. The notice provisions, by their very nature, imply that the employer does not have a duty to inquire after the employee-employer relationship ends. Instead, the burden is on the employee to inform the employer that he or she has contracted a compensable occupational disease.
The judgment under review is affirmed.
NOTES
[1] "Pleura" is defined as "[t]he membrane which lines the inner surface of the chest wall and also covers the lung." 3 J.E. Schmidt, Attorney's Dictionary of Medicine, ¶ 219 (1990).
[2] The verb "contract" is defined as follows: "to bring on oneself: acquire usu. involuntarily (as a habit): CATCH." Webster's Third New International Dictionary 494 (1971). Although petitioner notes that there is an extended latency period for asbestosis, he does not argue that he contracted the disease during his years of employment with PSE & G.