**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1244-16T2

DENNIS AIELLO,

    Plaintiff-Appellant/
    Cross-Respondent,

v.

ZBIGNIEW ZAWISTOWSKI and
TEAM PRECISION AUTO, LLC,
d/b/a Precision Chrysler
Jeep Dodge Ram, a Limited
Liability Company,

    Defendants-Respondents/
    Cross-Appellants,
and

BRUCE WAINWRIGHT and
JUSTIN WAINWRIGHT,

    Defendants.

_____

        Argued February 13, 2018 — Decided July 11, 2018

        Before Judges Fisher, Sumners and Moynihan.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Morris County, Docket No.
        C-000128-15.

        Batya G. Wernick argued the cause for
        appellant/cross-respondent.

Steven C. Schechter argued the cause for respondents/cross-appellants.

PER CURIAM

Plaintiff Dennis Aiello appeals the Chancery Division order granting summary judgment dismissal of his complaint against defendants, Zbigniew Zawistowski, Team Precision Auto, LLC, d/b/a Precision Chrysler Jeep Dodge Ram, a limited liability company, alleging entitlement to a fifty-percent ownership interest in Precision Chrysler Jeep Dodge Ram (the dealership). Because the trial court failed to properly apply the summary judgment standard by viewing the verbal agreement contention in the light most favorable to plaintiff, we reverse. In addition, Zawistowski and Team Precision Auto (collectively Team Precision) cross-appeal an order denying its motion for sanctions against plaintiff. Given our reversal that reinstates plaintiff's complaint, we affirm the order.

I

When reviewing an order granting summary judgment, we apply "the same standard governing the trial court." Oyola v. Xing Lan Liu, 431 N.J. Super. 493, 497 (App. Div. 2013). A court should only grant summary judgment when the record reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). Summary

2                                                A-1244-16T2

judgment should be denied when determination of material disputed facts depends primarily on credibility evaluations. Petersen v. Twp. of Raritan, 418 N.J. Super. 125, 132 (App. Div. 2011). The facts alleged by the parties should be viewed in the light most favorable to the opposing party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). We accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citations omitted).

Plaintiff's breach of contract claim sought a fifty-percent ownership interest in Butler Chrysler Jeep Dodge, owned by Bruce Wainwright and Justin Wainwright, based upon an oral agreement he contended he made with Zawistowski and Bruce Wainwright in April 2011. Three months later, Butler Chrysler Jeep Dodge was acquired by Team Precision Auto, LLC, owned by Zawistowski, who renamed it Precision Chrysler Jeep Dodge Ram — without any mention of plaintiff in the final ownership documents.

In December 2012, plaintiff filed for Chapter Seven bankruptcy but did not indicate he had any pending interest in the dealership or cause of actions against defendants in his filing. However, a month later, he filed a personal property amendment to include a "breach of contract suit against former business partner," for other contingent and unliquidated claims.

In 2015, four years after the dealership was purchased, plaintiff filed suit asserting breach of a partnership agreement and sought: monetary damages; a declaratory judgment that he owned fifty percent of Team Precision Auto, LLC and the dealership; and an accounting of all of the dealership's earnings, profits and assets. Following discovery, the court granted defendants' summary judgment motions dismissing plaintiff's complaint.[1]

The court dismissed plaintiff's breach of contract claim because, in its view, there was no evidence that he had an agreement to purchase an interest in the dealership. The court reasoned:

> The only . . . evidence of an agreement is [plaintiff] saying, oh, I had an agreement, that's it. There is nothing else.
>
> . . . .
>
> But there's . . . absolutely not a shred of evidence in here to support the allegations of [plaintiff]. There are no material facts in dispute. . . . [H]e doesn't even know what the terms of the agreements were. That's pretty clear from his own deposition.
>
> So the matter is dismissed, with prejudice. This matter is over. There are no material facts in dispute.
>
> One doesn't get two bites of the apple, in a sense. You get [to] say something in

---

[1] A separate order of the same date granting summary judgment in favor of defendants Bruce Wainwright and Justin Wainwright was not appealed.

A-1244-16T2

discovery, but . . . if it doesn't prove your cause of action, you don't get a second chance to try it at trial.

There's not a shred of evidence here to support [plaintiff's] allegation.

Because the court failed to view the evidence in the light most favorable to plaintiff, it erred in granting summary judgment to defendants. Plaintiff's deposition testimony asserted sufficient facts to defeat summary judgment. He stated that in 2011, after Zawistowski declined his proposal to finance a used car business, he introduced Zawistowski to the Wainwrights, who were interested in selling Butler Chrysler Jeep Dodge. When the parties met, plaintiff contended it was agreed that Zawistowski would set up a company — eventually, Team Precision Auto, LLC — with his money to purchase the dealership and plaintiff would manage the company and have a fifty percent share of its proceeds and assets. A year later, the purchase was consummated with the dealership taking on a name, Precision Chrysler Jeep Dodge Ram. In an initial draft of the asset sale agreement and lease assignment agreement prepared by the Wainwrights' counsel, plaintiff was included as a purchaser; however, Zawistowski's counsel advised that plaintiff's name should be deleted from the documents. Plaintiff's name was not on the final ownership documents. Nevertheless, plaintiff relied upon emails with

Zawistowski's counsel - not to prove the creation of a business entity with Zawistowski, but to support his assertion that there was an agreement, which stated he was a party to the acquisition of the dealership.

Apparently, the court did not believe plaintiff's deposition testimony, which in deciding summary judgment — not sitting as a factfinder at trial — was an inappropriate determination of his credibility. At trial in the Chancery Division, the court as factfinder would be in a position to credit plaintiff's contentions — and discredit defendants' testimony — that he had an ownership stake in the new dealership. Additionally, while the lack of a written partnership agreement could plausibly undermine plaintiff's trial proofs, a written document is not necessary to prove the existence of an agreement. See Presten v. Sailer, 225 N.J. Super. 178, 191-93 (App. Div. 1988) (recognizing that a partnership or joint venture need not be formalized in writing, and can be inferred from conduct). Yet, there were some emails memorializing plaintiff's contention that he had an interest in the dealership.

We find no merit to defendants' argument that plaintiff lacked standing and should be judicially estopped from pursuing this action due to his failure to identify this breach of contract claim when he filed for bankruptcy. The doctrine of judicial

6

estoppel is "an equitable doctrine precluding a party from asserting a position in a case that contradicts or is inconsistent with a position previously asserted by the party in the case or a related legal proceeding." Newell v. Hudson, 376 N.J. Super. 29, 38 (App. Div. 2005) (citation omitted). First, the court did not base its grant of summary judgment on this ground considering it did not set forth any factual and legal findings; merely stating: "There's the bankruptcy issue; there's the issue of judicial estoppel." Second, less than two months after plaintiff filed his bankruptcy petition, and well in advance of filing this action, he amended it to include the within claim — even though he provided scant detail in doing so.

We are likewise unmoved by the argument that plaintiff's claim is lacking because he is not a licensed car dealer or authorized by the Chief Administrator of the Motor Vehicle Commission under N.J.S.A. 39:10-19 to operate a car dealership. Nor do we find merit in the assertion that plaintiff can have no interest in the dealership because his previous convictions of theft, conspiracy, and fraud would have prevented him from obtaining a license. And, we also find no merit to the argument that plaintiff's claim is barred under the doctrine of laches because he waited until 2015 to file suit when he has known since 2011 that defendants denied his claim that he had an interest in

the dealership. The court addressed neither argument in granting summary judgment; as such, we do not address them. Moreover, as for laches, which "is an equitable doctrine, operating as an affirmative defense that precludes relief when there is an 'unexplainable and inexcusable delay' in exercising a right, which results in prejudice to another party," Fox v. Millman, 210 N.J. 401, 417-18 (2012) (quoting Cty. of Morris v. Fauver, 153 N.J. 80, 105 (1998)), there is no evidence that Team Precision was prejudiced by plaintiff's four-year delay in seeking judicial relief.

## II

After defendants were granted summary judgment, a different court denied Team Precision's motion for sanctions under N.J.S.A. 2A:15-59.1 and Rule 1:4-8, for filing a frivolous action. The court found that "[p]laintiff did demonstrate there [were] some discussions with respect to the alleged agreement, and that [p]laintiff was involved in the transaction in 2011. Therefore, while [p]laintiff's case was weak, it does not give rise to frivolousness." Given our conclusion that it was error for the first court to grant summary judgment, there is no basis to disturb the denial of sanctions. Moreover, even if we approved the summary judgment dismissal of plaintiff's complaint, we would have still agreed with the denial of sanctions, as there is nothing in the

record indicating the court abused its discretion.  See <u>McDaniel</u> <u>v. Man Wai Lee</u>, 419 N.J. Super. 482, 498 (App. Div. 2011) (A decision to award fees "will be reversed on appeal only if it 'was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'") (quoting <u>Masone v. Levine</u>, 382 N.J. Super. 181, 193 (App. Div. 2005)).

Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION