17 A.3d 816 (2011)
419 N.J. Super. 482
Jeffrey McDANIEL and Sandra McDaniel, his wife, Plaintiffs-Appellants/Cross-Respondents,
v.
MAN WAI LEE and PP Trucking, Inc., Defendants/Third-Party Plaintiffs-Respondents/Cross-Appellants,
v.
Fernandino Devers[1] and Gelco Corp., Third-Party Defendants.
Superior Court of New Jersey, Appellate Division.
Argued February 16, 2011.
Decided April 27, 2011.
*818 Joel I. Rachmiel, Springfield, argued the cause for appellants/cross-respondents.
Michael J. Monaghan argued the cause for respondents/cross-appellants.
Before Judges AXELRAD and LIHOTZ and J.N. HARRIS.[2]
The opinion of the court was delivered by
LIHOTZ, J.A.D.
In this multi-vehicle auto negligence action, we examine whether N.J.S.A. 34:15-8, the fellow-servant provision of the Workers' Compensation Act (also referred to as the Act), N.J.S.A. 34:15-1 to -128, which prohibits co-workers involved in a work-related accident from suing each other, also bars a third-party action by a tortfeasor against plaintiff's co-worker. Defendant Man Wai Lee's third-party claim seeks indemnification and contribution based upon an assertion that the co-employee's negligence may have contributed to the accident causing plaintiff's injuries.
On our leave granted, plaintiff Jeffrey McDaniel[3] appeals from a provision in a July 8, 2010 order denying his request to dismiss a third-party complaint filed by defendants Man Wai Lee and PP Trucking, Inc. (PP Trucking) against plaintiff's co-worker Fernandino Devers. Plaintiff also appeals from additional provisions of the same order, which denied his request for frivolous litigation sanctions and prohibited counsel from representing both him and Devers in their respective personal injury actions against Lee. Defendants cross-appeal from a related provision permitting plaintiff's counsel to choose which *819 of the two plaintiffs he will continue to represent, asserting the existence of a conflict demands counsel may not represent either plaintiff. We affirm the denial of sanctions, but reverse the denial of plaintiff's motion to dismiss and the order regarding counsel's continued legal representation.

I.
The essential facts are not in dispute. Plaintiff was employed by Sprint/Nextel. On the afternoon of September 23, 2008, while in the course of his employment, plaintiff was driving westbound on Raymond Boulevard in Newark. He stopped at a red light at the Blanchard Street intersection. Devers, plaintiff's co-worker, stopped directly behind plaintiff, driving another Sprint/Nextel vehicle. An eighteen-wheel truck, operated by defendant Lee, was behind Devers in the same lane of travel and failed to stop at the intersection, rear-ending Devers' vehicle. In a chain reaction, Devers' vehicle struck plaintiff's, which lunged forward. According to the separate interrogatory answers submitted by plaintiff and Devers, Lee's truck struck Devers a second time, causing it again to collide with the vehicle driven by plaintiff pushing it further into the intersection. Lee told the responding Newark Police officer that "when the light turned red, he applied the brakes but the vehicle didn't stop quick[ly] enough[,] causing him to strike [Devers' vehicle] in the rear and causing [Devers'] vehicle [ ] to rear-end [plaintiff's] vehicle." Devers was taken by ambulance to University Hospital; plaintiff drove himself to the hospital.
Plaintiff and Devers filed separate worker's compensation petitions as a result of their respective injuries suffered in the accident. Additionally, Devers filed a complaint in the Law Division (Docket No. ESX-L-6655-09), against Lee and his employer, defendant PP Trucking, the truck's owner. Plaintiff also filed an action against Lee and PP Trucking (Docket No. ESX-L-1280-10). Both Devers and plaintiff were represented by the same attorney. The two matters were later consolidated for trial.
In addition to answering plaintiff's complaint, defendants filed a third-party complaint against Devers, alleging his negligent operation of his employer's vehicle contributed to plaintiff's injuries. The third-party action sought indemnification and contribution.[4]
Plaintiff sent a Rule 1:4-8(b)(1) notice to Lee's attorney requesting the withdrawal of the third-party action, which he characterized as frivolous. He also advised of his intention to request sanctions if Lee declined to withdraw the pleading within twenty-eight days. When Lee declined his request, plaintiff moved to dismiss. Lee cross-moved to disqualify plaintiff's attorney, claiming a conflict of interest. At the conclusion of oral argument, the court denied both motions without prejudice.[5]
Plaintiff renewed his motion to dismiss the third-party complaint as frivolous, and sought sanctions. The motion judge denied plaintiff's motion and granted, in part, defendant's cross-motion to disqualify counsel, ordering that he could represent either Devers or plaintiff. The court gave *820 counsel thirty days to determine which party he would continue to represent. We granted the cross-requests for leave to appeal filed by plaintiff and Lee.

II.
There are distinct but related issues to be examined: whether the third-party complaint by Lee against Devers can proceed and whether it is permissible for counsel to represent Devers and plaintiff in their respective actions against Lee and PP Trucking. Plaintiff, relying on N.J.S.A. 34:15-8 of the Act, asserts the third-party suit must be dismissed, as plaintiff cannot prosecute a negligence claim against Devers. Plaintiff urges that because the parties' interests are not adverse, the same attorney can proceed on each plaintiff's behalf. To the contrary, Lee argues he is entitled to file a third-party action and obtain a third-party negligence verdict against Devers. Additionally, Lee maintains the conflict of interest between plaintiff and Devers precludes counsel from representing either plaintiff. We will examine each of these issues.
"The workers' compensation system represents the bargain that was struck between employers and employees concerning workplace injuries, whereby employers shoulder the expense of workers' injuries arising out of the performance of work duties." Basil v. Wolf, 193 N.J. 38, 53, 935 A.2d 1154 (2007). The Workers' Compensation Act "provide[s] a method of compensation for the injury or death of an employee, irrespective of the fault of the employer or contributory negligence and assumption of risk of the employee." Harris v. Branin Transport, Inc., 312 N.J.Super. 38, 46, 711 A.2d 331 (App.Div.), certif. denied, 156 N.J. 408, 719 A.2d 640 (1998). The Act serves as "the exclusive remedy for an employee who sustains an injury in an accident that arises out of and in the course of employment." Ahammed v. Logandro, 394 N.J.Super. 179, 190, 925 A.2d 733 (App.Div.2007) (citing N.J.S.A. 34:15-8). See also Basil, supra, 193 N.J. at 55, 935 A.2d 1154. "Fundamental to the Act is the premise that by accepting the benefits provided by its schedule of payments, the employee agrees to forsake a tort action against the employer." Ramos v. Browning Ferris Indus., Inc., 103 N.J. 177, 183, 510 A.2d 1152 (1986). See also N.J.S.A. 34:15-8.[6]
The statute's exclusivity bar also prohibits an injured employee's legal action to recover for injuries caused by a fellow employee. Basil, supra, 193 N.J. at 54 n. 7, 935 A.2d 1154. See also Barone v. Harra, 77 N.J. 276, 278, 390 A.2d 571 (1978) (reiterating that the Act "precludes tort actions against fellow employees for compensable actions occurring while both persons are in the same employ, except for intentional wrongs"). Specifically, N.J.S.A. 34:15-8 provides, in pertinent part, "a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong." This provision blankets co-employees *821 with immunity from suit by injured co-workers. Conrad v. Robbi, 341 N.J.Super. 424, 438, 775 A.2d 562 (App. Div.), certif. denied, 170 N.J. 210, 785 A.2d 438 (2001).
"The purpose of the [immunity provision] was not so much to protect the fellow servant from liability as it was to protect the employer from paying twice, once through compensation and a second time through indemnification of the fellow servant against the injured employee's judgment." Ahammed, supra, 394 N.J.Super. at 190, 925 A.2d 733. The Legislature intended to prevent
burdening the employer indirectly with the common-law damages superimposed upon his work[ers'] compensation liability by reason of either a legal, moral or practical obligation to indemnify the sued . . . employee, or with the expense of carrying insurance to cover the personal liability of such . . . personnel.
[Miller v. Muscarelle, 67 N.J.Super. 305, 321, 170 A.2d 437 (App.Div.), certif. denied, 36 N.J. 140, 174 A.2d 925 (1961).]
"In order for the statute to apply as a bar to a suit against a co-employee, three conditions must be satisfied: (1) the plaintiff must have suffered a compensable injury; (2) the plaintiff and defendant must have been co-employees; and (3) the defendant must have been acting `in the course of his employment.'" Daus v. Marble, 270 N.J.Super. 241, 246, 636 A.2d 1091 (App.Div.1994) (quoting Wunschel v. City of Jersey City, 96 N.J. 651, 659, 477 A.2d 329 (1984)).
With respect to an injured employee's claim against a third-party tortfeasor, the Act is neutral. Thus, an employee retains the right to pursue available common-law remedies for liability against third-parties, so long as recoveries are not duplicated. Schweizer v. Elox Div. of Colt Indus., 70 N.J. 280, 287-88, 359 A.2d 857 (1976).
We have unearthed no matter discussing the application of the Act's exclusivity bar in a situation similar to the one at hand, which addresses asserted claims involving co-employees and a third-party tortfeasor. Nonetheless, sufficient guidance is gleaned from published authorities involving third-party claims against an employer to inform our review regarding the statute's application.
In Port Authority of New York & New Jersey v. Honeywell Protective Services, Honeywell, Inc., 222 N.J.Super. 11, 535 A.2d 974 (App.Div.1987), we addressed a matter involving "the triadic relationship between the employer, employee and [a] third-party tortfeasor" finding the parties' claims were "governed by the Workers' Compensation Act." Id. at 18, 535 A.2d 974. We concluded a "`third-party tortfeasor may not obtain contribution from an employer, no matter what may be the comparative negligence of the third party and the employer.'" Id. at 19, 535 A.2d 974 (quoting Ramos, supra, 103 N.J. at 184, 510 A.2d 1152).
As the Court stated in Ramos, supra, because the Act replaces a party's right to "any other method, form or amount of compensation," N.J.S.A. 34:15-8, an employer may not be liable in tort to an injured employee and cannot be considered a joint tortfeasor under the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-3. 103 N.J. at 184, 510 A.2d 1152; see also Stephenson v. R.A. Jones & Co., 103 N.J. 194, 199, 510 A.2d 1161 (1986). Likewise, the employer cannot be subject to third-party claims pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.3. Ramos, supra, 103 N.J. at 194, 510 A.2d 1152; Stephenson, supra, 103 N.J. at 199, 510 A.2d 1161.
*822 In an employee's action alleging negligence of a third-party, the Court has emphasized that despite the employer's negligence, there cannot be a claim for apportionment of liability to the employer, in an action for indemnification or contribution.[7]Ramos, supra, 103 N.J. at 193-94, 510 A.2d 1152; Stephenson, supra, 103 N.J. at 199, 510 A.2d 1161.
As tempting as it may be in a given case to temper the exclusive-remedy provisions of the Workers' Compensation Act and to permit a third party to recover against the employer, we defer to the balance of interests as struck by the Legislature. The unmistakable intention of the Legislature was that the sole liability of an employer for a work-related injury of an employee was that provided in the Act.
[Id. at 188, 510 A.2d 1152.]
It is important to note that in Stephenson, supra, at the employer's request, the trial judge allowed the jury to respond to a special interrogatory asking it to apportion the relative negligence of the third-party and the employer under the Comparative Negligence Act. 103 N.J. at 198, 510 A.2d 1161. The jury found that the third-party was five percent negligent and the employer was ninety-five percent negligent. Ibid. The Court found error with this practice and rejected the third-party's claim of a right to a judgment for implied indemnification. Id. at 199, 510 A.2d 1161. Concluding the employer's negligence must not be assessed by the jury, the Court stated:
Given the jury's finding that [the third-party]'s negligence is less than that of [the employer], the effect of the legislative scheme may seem harsh. But we cannot distinguish in principle between a third-party tortfeasor that is [five] percent negligent and one that is [ninety-five] percent negligent. In both instances, the tortfeasor is liable in tort to the injured worker because of his wrongful conduct. By comparison, the Workers' Compensation Act provides the exclusive remedy against an employer whose concurring negligence contributes to the injury of an employee. To permit the third-party tortfeasor to recover indemnification from the employer would subvert the immunity granted to the employer by the Act. Ramos, supra, 103 N.J. at 189-190, 510 A.2d 1152.
[Ibid.]
In Anderson v. A.J. Friedman Supply Co., Inc., 416 N.J.Super. 46, 68, 3 A.3d 545 (App.Div.2010), we affirmed the trial court's denial of defendant's request to separate defendant's dual liabilities for two asserted causes of mesothelioma resulting in the death of plaintiff's decedent. Ibid. Defendant argued the jury verdict sheet should have differentiated its liability for decedent's asbestos exposure while she was in defendant's employ and subsequent bystander exposure as a consequence of washing her husband's asbestos laden work clothes. Ibid.
Citing Ramos, we concluded that the defendant's dual status did not change the application of the law and the employer could not be subject to contribution liability. Therefore, "there was no need to allocate responsibility between [decedent]'s direct exposure as an [] employee and [decedent's] bystander exposure." Ibid.
In Ahammed, supra, two Domino's Pizza delivery drivers were in a motor vehicle *823 accident as one entered and the other exited the employer's parking lot. 394 N.J.Super. at 181-82, 925 A.2d 733. Even though the parties were operating vehicles not owned by their employer, we noted that the exclusivity of the Act's "fellow-servant" rule immunized one employee from liability for negligence to the other. Ibid.

III.

A.
Having established plaintiff's employer is immune from suit, we now examine the viability of Lee's action for contribution and indemnification against the co-employee, Devers. We must determine whether third-party claims against a negligent co-employee fall outside the scope of the immunity bar of N.J.S.A. 34:15-8.
The Court in Ramos and Stephenson squarely held that the immunity bar of N.J.S.A. 34:15-8 prohibits an employer from ever being considered a joint tortfeasor. Ramos, supra, 103 N.J. at 193-94, 510 A.2d 1152; Stephenson, supra, 103 N.J. at 199, 510 A.2d 1161. That same statutory provision imposes an immunity bar to foreclose suit against an allegedly negligent co-employee. Without question, regardless of his degree of fault, Devers, like the employer, is immune from any suit brought by plaintiff.[8]N.J.S.A. 34:15-8. We find no discernable difference between the nature and purpose of the statute's grant of immunity to bar suit against an employer or against a co-employee.
A co-employee's act of negligence while in the course of employment vicariously implicates the employer. As the Legislature's prohibition against doubling the financial burden on employers removes the employer from consideration as a joint tortfeasor, Ramos, supra, 103 N.J. at 184, 510 A.2d 1152, so too it removes a co-employee whose negligence falls to the employer. Reiterating the Court's conclusion in Ramos, supra, "[t]he unmistakable intention of the Legislature" was that "the sole liability" of the fellow servant was limited by the provisions of the Act. 103 N.J. at 188, 510 A.2d 1152.
In order to maintain consistency with the purpose of the Act, as well as symmetry among the two immunity provisions, claims of negligence against a co-employee also must be circumscribed. Accordingly, we conclude the third-party tortfeasor may not seek indemnification and contribution from a negligent co-worker for a plaintiff's injuries.
Relying on the fact that Devers was in a separate vehicle, defendants assert this scenario falls outside the scope of the Act. We disagree.
Here, Devers was working when Lee struck the rear of his vehicle, which in turn caused injury to plaintiff. It does not matter that plaintiff and Devers were in separate cars. Devers remains immune from any action to recover for plaintiff's injuries, including third-party claims for indemnification and contribution. Barone, supra, 77 N.J. at 279, 390 A.2d 571; Kough v. N.J. Auto. Full Ins. Underwriting Ass'n, 237 N.J.Super. 460, 464, 568 A.2d 127 (App.Div.), certif. denied, 121 N.J. 638, 583 A.2d 331 (1990).
We reject Lee's reliance on our holding in Kane v. Hartz Mountain Indus., 278 N.J.Super. 129, 650 A.2d 808 (App.Div. 1994), aff'd o.b., 143 N.J. 141, 669 A.2d 816 (1996), which found the employer's liability *824 to a third-party tortfeasor based on a contractual indemnity agreement. Id. at 145-46, 650 A.2d 808. In Kane, the plaintiff sought damages for permanent injuries suffered when he fell from a steel beam while working as an iron worker. Id. at 134, 650 A.2d 808. The plaintiff filed a tort action against the owner, general contractor and others involved in a commercial construction project, who he argued failed to comply with federal and state safety codes. Ibid. The plaintiff's employer had contractually agreed to indemnify the owner for certain safety obligations regarding its employees while working on the project. Id. at 135, 650 A.2d 808. The owner joined the employer as a third-party defendant, ibid., because it had assumed "`a contractual duty to indemnify a third party through an express agreement.'" Id. at 145, 650 A.2d 808 (quoting Ramos, supra, 103 N.J. at 191, 510 A.2d 1152). The holding is inapposite here, where there was no contractual assumption of indemnification by Devers.
As an aside, we note Lee has provided no factual basis to support a third-party liability claim against Devers in an attempt to shift blame from Lee. Defendants' suggestions that the accident was staged, plaintiff and Devers may have been drinking, the two may not have been working, or Gelco could be responsible for negligent entrustment of its vehicle to Devers are speculative scenarios that are belied by the evidence of record.
In the police report, completed at the scene of the accident, and interrogatory answers from plaintiff, Devers and Lee consistently report plaintiff and Devers were stopped at a red light when Lee could not stop his eighteen-wheeler in time. Lee does not assert his vehicle or its equipment malfunctioned. Tellingly, in responding to an inquiry seeking "the facts upon which you intend to predicate [a] third-party action[,]" Lee responded, "This information is unknown to me at this time. Defendant reserves the right to amend this answer through the course of discovery."
Following our review, we find Lee's third-party complaint against Devers is without legal basis. Accordingly, it must be dismissed.

B.
Plaintiff also challenges the motion judge's conclusion that counsel could not represent him and Devers in their respective suits against Lee. In doing so, the court considered whether the available insurance recovery may be insufficient to satisfy both claims. Plaintiff argues the question presented here differs from the conflict of interest existing when the same attorney represents both a passenger and driver injured in the same accident, because here the co-employee is immune from suit. We agree.
Rule of Professional Conduct (RPC) 1.7(a)(1) prohibits the representation of clients having adverse interests. The Supreme Court issued a Notice to the Bar, directing counsel's obligations:
The Supreme Court is of the view, because of the conflict of interest inherent in the situation, that an attorney should not represent both the driver of a car and his passenger in an action against the driver of another car, unless there is a legal bar to the passenger suing his own driver, as for example, where they are . . . employees of the same employer and the accident occurred in course of their employment. Where an attorney does represent both a driver and his passenger and no such legal bar exists, if a crossclaim or counterclaim is made by the other driver, a conflict of interest arises and the Supreme Court has advised the Assignment *825 Judges that the attorney should not be permitted to continue to represent either the driver or his passenger.
[91 N.J.L.J. 81 (February 8, 1968).]
We part company with the motion judge's anticipation of a conflict from counsel's dual representation. Plaintiff may not sue Devers and vice versa, and we have rejected Lee's conjecture that Devers could be liable to Lee. Consequently, the interests of plaintiff and Lee are not adverse in their separate pursuit of recovery from Lee. Accordingly, the propriety of counsel representing both plaintiffs appears acceptable when "the liability question is obvious." Ethics Committee Opinion No. 248, 96 N.J.L.J. 93, 95 (1973).
Having said this, we cannot ignore that if a future possibility arises, albeit remote, when plaintiff's and Devers' interests become adverse, counsel is required to completely withdraw from the representation of each client. Ethics Opinion No. 156, 92 N.J.L.J. 481 (1969).

C.
Finally, we are asked to review the court's denial of plaintiff's request for frivolous litigation sanctions pursuant to Rule 1:4-8. We are not persuaded the court abused its discretion.
A trial judge's decision to award attorney's fees pursuant to Rule 1:4-8 is addressed to the judge's sound discretion, DeBrango v. Summit Bancorp., 328 N.J.Super. 219, 229, 745 A.2d 561 (App.Div.2000), and will be reversed on appeal only if it "was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Masone v. Levine, 382 N.J.Super. 181, 193, 887 A.2d 1191 (App.Div.2005).
Rule 1:4-8 provides in pertinent part:
(a) . . . The signature of an attorney . . . constitutes a certificate that the signatory has read the pleading, written motion or other paper. By signing, filing or advocating a pleading, written motion, or other paper, an attorney . . . certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) the paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the factual allegations have evidentiary support or, as to specifically identified allegations, they are either likely to have evidentiary support or they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support[.]
"A court may impose sanctions upon an attorney if the attorney files a [frivolous pleading] . . . and fails to withdraw the paper within twenty-eight days of service of a demand for its withdrawal." United Hearts, L.L.C. v. Zahabian, 407 N.J.Super. 379, 389, 971 A.2d 434 (App. Div.) (citing R. 1:4-8(b)(1)), certif. denied, 200 N.J. 367, 982 A.2d 455 (2009).
Rule 1:4-8 supplements N.J.S.A. 2A:15-59.1, which permits the trial judge to award:
all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, *826 cross-claim or defense of the nonprevailing person was frivolous.
[N.J.S.A. 2A:15-59.1(a)(1).]
To find a complaint frivolous, the judge must conclude:
(1) The complaint . . . was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
(2) The nonprevailing party knew, or should have known, that the complaint. . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
[N.J.S.A. 2A:15-59.1(b).]
See also Gooch v. Choice Entertaining Corp., 355 N.J.Super. 14, 18, 809 A.2d 154 (App.Div.2002).
Sanctions are not to be issued lightly; they are reserved for particular instances where a party's pleading is found to be "completely untenable," or where "no rational argument can be advanced in its support[.]" United Hearts, supra, 407 N.J.Super. at 389, 971 A.2d 434. Simply because "some of the allegations made at the outset of litigation later proved to be unfounded does not render [the complaint] frivolous[.]" Iannone v. McHale, 245 N.J.Super. 17, 32, 583 A.2d 770 (App.Div. 1990).
Here, sufficient legal uncertainty existed as to the viability of Lee's third-party action such that we cannot conclude "no rational argument c[ould] be advanced in its support." United Hearts, supra, 407 N.J.Super. at 389, 971 A.2d 434. Consequently, we cannot agree with plaintiff that Lee's position was "completely untenable." Ibid. See also First Atl. Fed. Credit Union v. Perez, 391 N.J.Super. 419, 432, 918 A.2d 666 (App.Div.2007) ("Where a party has a reasonable and good faith belief in the merit of the cause, attorney's fees will not be awarded.").

IV.
In summary, we reverse the order denying plaintiff's motion to dismiss the third-party complaint and the order concluding counsel's dual representation created a conflict between plaintiff and Devers. Accordingly, the issues raised on the cross-appeal are moot. We affirm the denial of sanctions.
Affirmed in part and reversed in part.
NOTES
[1] The pleadings incorrectly recite third-party defendant's name as "Fernando" Devers. We have corrected this error in the caption and our opinion.
[2] Judge Harris did not participate in oral argument. He joins the opinion with counsel's consent. R. 2:13-2(b).
[3] In our opinion, we refer solely to Jeffrey McDaniel as the plaintiff, although we recognize plaintiff Sandra McDaniel filed a derivative claim for loss of consortium and services.
[4] Lee's third-party complaint also asserted claims against Gelco Corp., the owner of the vehicle driven by Devers. On August 30, 2010, the action against Gelco was dismissed without prejudice.
[5] The motion judge requested plaintiff's counsel seek guidance on the conflict issue from the Advisory Committee on Professional Ethics (Ethics Committee), which declined to comment on the pending litigation. R. 1:19-2.
[6] An employee's exclusive remedy vis-à-vis an employer is set forth in the first paragraph of N.J.S.A. 34:15-8, which states:

Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee and for compensation for the employee's death shall bind the employee's personal representatives, surviving spouse and next of kin, as well as the employer, and those conducting the employer's business during bankruptcy or insolvency.
[7] In Ramos, supra, the Court identified the unique "special legal relationship [] between the employer and the third party" that would make "the liability of the third party [] vicarious" subjected the employer to primary liability. 103 N.J. at 189, 510 A.2d 1152. None of those circumstances are present in this matter.
[8] Plaintiff has not asserted Devers was negligent. He unequivocally has maintained that both he and Devers were stopped at the red light when Lee's truck collided into Devers' vehicle.