**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1484-18T2

ROBERT J. TRIFFIN,

     Plaintiff-Appellant,

v.

NANCY R. MAZIN, PC,

     Defendant-Respondent,

and

VINYL RAILING FACTORY, LLC,
and WILLIAM G. MILLIGAN,
individually and t/a VINYL
RAILING FACTORY, LLC,

     Defendants.

_____

Argued November 18, 2019 – Decided January 23, 2020

Before Judges Sabatino and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. DC-000860-18.

Robert J. Triffin, appellant, argued the cause pro se.

Daniel J. Gallagher argued the cause for respondent.

PER CURIAM

Plaintiff Robert J. Triffin appeals the Special Civil Part's orders of June 29, 2018, granting summary judgment in favor of defendant Nancy R. Mazin and dismissing his complaint; and September 14, 2018, imposing sanctions of attorneys' fees and court costs under Rule 1:4-8 for frivolous litigation. We affirm.

## I.

## Summary Judgment

The essential facts are not in dispute. Sometime between September 20 and September 25, 2017, William G. Milligan, a former employee of "Vinyl Railing Factory, LLC," presented check number 53009 (the check) for $1,311.84, made payable to "Vinyl Factory," for payment to Casino Hotel Employees Check Cashing Services (CHECCS). The "Vinyl Factory" is a nonexistent company. The check was drawn from a TD Bank (the bank) attorney business account maintained by Nancy R. Mazin, P.C. The check was subsequently dishonored by the bank because it was fraudulently cashed. Mazin on behalf of Nancy R. Mazin, P.C., executed an "Affidavit of Forgery: Forged

Signature of Maker," on September 29, 2017, stating the check was stolen and not endorsed by her law office.

Triffin, who is engaged in the business of buying and pursuing collection on dishonored negotiable instruments, purchased the dishonored check from CHECCS. On February 5, 2018, Triffin filed a Special Civil Part complaint against Mazin, Vinyl Railing Factory, LLC, and Milligan, individually and trading as Vinyl Railing Factory, LLC, seeking payment on the check. Milligan and Vinyl Railing Factory LLC were later dismissed because the service of process by mail was marked "not deliverable as addressed" and returned to the court.

After receiving a fourth trial date, Mazin filed a motion on short notice for summary judgment on June 5, which Triffin opposed. On June 29, the day after argument, Judge James P. McClain entered an order and memorandum of decision granting summary judgment.

The judge's memorandum acknowledged Mazin's contention that the checks were fraudulently cashed, but maintained it was unnecessary to address the dispute to resolve the motion. Instead, he focused on Mazin's argument that Triffin was not a holder in due course in accordance with N.J.S.A. 12A:2-302

because CHECCS paid Milligan on the dishonored check without complying with N.J.S.A. 17:15A-47.

The statute provides in relevant part:

> No licensee, or any person acting on behalf of a licensee, shall:
>
> a. Cash a check which is made payable to a payee which is other than a natural person unless the licensee has on file a corporate resolution or other appropriate documentation indicating that the corporation, partnership or other entity has authorized the presentment of a check on its behalf and the federal taxpayer identification number of the corporation, partnership or other entity[.]
>
> [N.J.S.A. 17:15A-47(a).]

"Appropriate documentation" is defined by regulation as "a corporate resolution filed with the Secretary of State, Federal taxpayer identification number, filed New Jersey Certificate of Authority, filed trade-name certificate or other readily verifiable official document."  N.J.A.C. 3:24-1.3.

The judge found the check's payee, "Vinyl Factory,"  was "a corporation, partnership, or entity," under N.J.S.A. 17:15A-47(a).  Because CHECCS possessed no appropriate documentation for Vinyl Factory, as required by N.J.A.C. 3:24-1.3, the judge maintained the check was not cashed in accordance

A-1484-18T2

with N.J.S.A. 17:15A-47.  Thus, Triffin was not a holder in due course of the check entitled to collect upon it.

Judge McClain rejected Triffin's argument that Mazin's counsel's certification in support of summary judgment violated the United States Constitution's Confrontation Clause because it was made without personal knowledge.  The judge found the argument meritless, unsupported by case law, and illogical.  The judge also found unconvincing Triffin's argument that the Uniform Commercial Code superseded N.J.S.A. 17:15A-47, based upon City Check Cashing, Inc. v. Mfrs. Hanover Tr. Co., 166 N.J. 49 (2001).  The judge determined the facts in City Check Cashing, Inc. were inapposite to the facts before him and the decision directly contradicted Triffin's argument because the Supreme Court recognized "New Jersey's authority to enact its own '. . . policy choices in allocating liability in the collection of checks.'" Id. at 57 (stating "the Legislature[] of [New Jersey has] expressed policy choices in allocating liability in the collection and payment of checks.").  Hence Triffin's complaint against Mazin was dismissed.

Monetary Sanctions

About three weeks after summary judgment was granted, Mazin moved under Rule 1:4-8, for $8617.50 in attorneys' fees and $65.68 in court costs.  The

motion contended that Triffin failed to comply with a May 17, 2018 letter (the notice) by Mazin's counsel, advising Triffin that his complaint was frivolous in accordance with Rule 1:4-8 and it should be dismissed because his allegations

> are factually incorrect, are based off fabrication or intentional misrepresentation which is readily available to you. You did not purchase the dishonored checks, wherein Ms. Mazin's name was forged, as a holder in due course and the check[] [was] illegally cashed in violation of New Jersey's Check Cashing Law, i.e. N.J.S.A. 17:15A-47.

The notice further cautioned Triffin that if the compliant was not dismissed, attorney's fees and court costs would be sought under Rule 1:4-8.

On September 14, Judge McClain issued an order and memorandum of decision awarding Mazin $2067.83, the fees accumulated by Mazin after the twenty-eight-day window for Triffin to withdraw his complaint had closed.

In determining to impose sanctions, Judge McClain cited Triffin's: (1) experience in the business of buying negotiable instruments; (2) legal training such as graduating from law school and passing the New Jersey bar exam;[1] and (3) experience as a pro se litigant, having filed anywhere between 4000 to 15,000 lawsuits. The judge agreed with Triffin's contention that the notice did not state

---

[1] Triffin was denied admission to the Pennsylvania and New Jersey Bar based on character and fitness deficiencies. In re Triffin, 151 N.J. 510, 517, 529 (1997).

the requirement under Rule 1:4-8 (b) (1) that Triffin had twenty-eight days to withdraw the complaint to avoid the imposition of sanctions. The judge, however, explained sanctions were still appropriate under Rule 1:4-8(a)(3) because the "complaint counts at issue must have either not been likely to have evidentiary support, or plaintiff must have failed to withdraw or [correct] these counts after a reasonable opportunity for further investigation or discovery revealed insufficient evidentiary support." Judge McClain reasoned Triffin's complete inaction in failing to verify or refute the merits of the notice, constituted valid grounds for sanctions.

In further support of sanctions, Judge McClain found significance in Triffin's: (1) failure to address N.J.A.C. 17:15A-47 in his opposition to the summary judgment; (2) failure to provide, in any of Triffin's materials or submissions, proof that CHECCS had proper documentation authorizing them to cash checks for the Vinyl Factory; and (3) "ongoing and longstanding business relationship" with CHECCS that would have made it easy for Triffin to seek information to verify the contentions in the notice.

In awarding Mazin more than $6500 less than she sought in attorneys' fees and court costs, the judge explained the sum requested was "excessive" based on the facts of the case. He concluded the attorneys' fees incurred after the

expiration of the twenty-eight-day window required by <u>Rule</u> 1:4-8 were a reasonable sanction given Triffin's refusal to dismiss his complaint for the reasons cited in the notice.

II.

Before us, Triffin raises the following arguments:

> POINT ONE
>
> THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE GRANTED SUMMARY JUDGMENT UPON FINDING, AND WITHOUT ANY EVIDENCE IN THE RECORD, THAT TRIFFIN'S ASSIGNOR CASHED MAZIN PC'S CHECK IN VIOLATION OF THE NEW JERSEY CHECK CASHERS' REGULATORY ACT.
>
> POINT TWO
>
> THE TRIAL JUDGE COMMITTED PREJUDICIAL AND REVERSIBLE ERROR ERROR [SIC] WHEN HE HELD THAT TRIFFIN'S ENTITLEMENT TO RECOVER UPON MAZIN PC'S DISHONORED CHECK WAS CONTINGENT UPON TRIFFIN'S STATUS AS A HOLDER IN DUE COURSE.
>
> POINT THREE
>
> THE TRIAL JUDGE MISAPPLIED THE LEGAL STANDARDS FOR ATTORNEY FEE SANCTIONS, AND PREJUDICIALLY ABUSED HIS DISCRETION WHEN HE ORDERED TRIFFIN TO PAY $2,067.83 IN FRIVOLOUS LITIGATION SANCTIONS.

8

We conclude plaintiff's arguments are without sufficient merit to warrant discussion, Rule 2:11-3(e)(1)(E), and affirm substantially for the reasons expressed in both of Judge McClain's thoughtful, well-reasoned memoranda of decisions. We add the following brief remarks.

We review the trial court's decision granting summary judgment de novo, using the identical standard governing the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). Thus, we consider, as the motion judge did, "'whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (citation omitted). If there is no genuine issue of material fact, we must then "'decide whether the trial court correctly interpreted the law.'" DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted). We review issues of law de novo and accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

A court's decision to award attorney's fees "will be reversed on appeal only if it 'was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear

error in judgment.'" McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011) (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

Applying these standards, we discern no reason to disturb the challenged orders.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1484-18T2