**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0815-22

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

TRAVELERS,

    Defendant-Respondent,

and

STEVEN CRANMER,

    Defendant.

_____

        Argued March 19, 2024 – Decided March 26, 2024

        Before Judges Haas and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. DC-011171-21.

        Robert J. Triffin, appellant, argued the cause pro se.

        Barbara Marissa Maisto argued the cause for respondent (Bond, Schoeneck & King, LLP, attorneys; Barbara Marissa Maisto and Thomas A. Martin, on the brief).

PER CURIAM

Plaintiff Robert Triffin appeals from the Special Civil Part's June 29, 2022 order granting summary judgment to defendant The Travelers Companies d/b/a Travelers ("Travelers") and dismissing his complaint against Travelers. Triffin also challenges the court's September 22, 2022 order requiring him to pay Travelers $31,058 in counsel fees[1] and $80 in costs as frivolous litigation sanctions. We affirm substantially for the reasons expressed by the trial court in its comprehensive oral decisions rendered on June 29, 2022 and September 22, 2022.

Travelers issued a paper check in the amount of $320.83 to defendant Steven Cranmer for payment on an insurance claim. Cranmer electronically deposited the check in his account at his bank. Travelers' bank paid the amount of the check to Cranmer's bank.

The next day, Cranmer took the paper check to Rio Check Cashing and Rio cashed it. When Rio attempted to obtain payment on the check from the

---

[1] On April 23, 2023, the court issued an amended order and reduced the counsel fees award to $31,056, a reduction of $2.

issuing bank, it was dishonored because that bank had already paid Cranmer's bank on the check when Cranmer electronically deposited it at that bank.

Triffin later purchased the dishonored check from Rio, which assigned its right to seek payment of the check to him. Triffin then filed a complaint against Travelers and Cranmer[2] seeking to recover the full amount of the check, together with certain fees he allegedly incurred in the course of seeking payment, together with pre-judgment interest. Travelers filed an answer, and put Triffin on notice that his claim was frivolous.

In that regard, N.J.S.A. 12A:3-414(c) plainly states that "[i]f a draft is accepted by a bank, the drawer is discharged, regardless of when or by whom acceptance was obtained." Here, Travelers' check was clearly "accepted by a bank" when Cranmer deposited it at his bank. Thus, Travelers, as the "drawer" of the check, had no further obligation to pay on the check a second time to Cranmer, Rio, or Triffin.

Relying upon N.J.S.A. 12A:3-414(c), the trial court granted Travelers' motion for summary judgment and dismissed Triffin's complaint against it. In explaining its ruling in its June 29, 2022 oral decision, the court stated:

> [T]he [c]ourt agrees that there is an absolute defense
> against double presentment. The [c]ourt agrees that the

---

[2] It does not appear that Cranmer filed an answer to the complaint.

A-0815-22

> drawer cannot be forced to pay the check twice. Let's be serious now. The [c]ourt agrees that Travelers paid the Cranmer check and the liability is discharged.
>
> Point number two, the [c]ourt agrees that [Triffin] is not a valid holder of a dishonored check. The [c]ourt agrees that [Triffin] took the check in bad faith. The [c]ourt agrees that Travelers is an innocent party.
>
> Number three, the [c]ourt agrees that Travelers can not be compelled to pay for the same check twice.

Travelers thereafter submitted detailed attorney billing records supporting its claim for frivolous litigation sanctions. Rule 1:4-8(a) permits sanctions for "frivolous" claims. United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009). A claim is "frivolous" when "no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable." Ibid. (quoting First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007)). Rule 1:4-8 allows sanctions against the party to the action or its attorney. Zahabian, 407 N.J. Super. at 389; R. 1:4-8(f).

N.J.S.A. 2A:15-59.1(b) provides for sanctions for frivolous litigation if either

> (1) [t]he complaint . . . was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or (2) [t]he nonprevailing party knew, or should have known that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith

4

argument for an extension, modification or reversal of existing law.

[Ibid.]

After oral argument on September 22, 2022, the trial court granted Travelers' motion for frivolous litigation sanctions. In its thorough oral decision and detailed written order, the court concluded that Triffin filed his complaint in bad faith and refused to withdraw it even when presented with "evidentiary proof that his claim lacked a reasonable basis in the law[.]" The court also stated that Triffin filed the complaint for the purpose of harassing Travelers into entering a settlement "despite multiple warnings and attempts to resolve the matter by" Travelers. The court stated:

> [Triffin] knew from the start before filing the complaint that this was a scam. He knows that Travelers' proof is conclusive that Travelers paid the check. And even after receiving such proof[,] he still insisted on continuing the matter. [Triffin] knows there's no reasonable basis in law in which he could have prevailed and merely attempted to continue the action with the hope of settling. As such, the case is frivolous and sanctions are appropriate.

As for the amount of the sanctions it awarded, the court reviewed Travelers' attorney's billing statements "line by line" and found the fees to be "reasonable considering the complexity of the matter." As noted above, the court awarded Travelers $31,136 in counsel fees and costs.

5

On appeal, Triffin raises the following contentions:

POINT ONE

PURSUANT TO THE SUPREMACY CLAUSE, AND THE PLAIN LANGUAGE OF 12 U.S.C. 5003, ONLY AN ORIGINAL UNPAID CHECK, OR ITS 12 U.S.C. 5003 COUNTERPART, DISPOSITIVELY DETERMINES WHETHER AN ORIGINAL CHECK WAS PREVIOUSLY PAID FOR ALL PURPOSES OF FEDERAL AND STATE LAW, AND FOR ALL PERSONS.

POINT TWO

IN FAILING TO COMPLY WITH THIS COURT'S LEGAL STANDARD FOR AN AWARD OF FRIVOLOUS LITIGATION SANCTIONS IN BELFER V. MERLING, 322 N.J. SUPER. 124, 145 (APP. DIV. 199[9], THE TRIAL COURT . . . COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WHEN IT ORDERED TRIFFIN TO PAY $31,138.00 IN FRIVOLOUS LITIGATION SANCTIONS TO TRAVELERS, UPON TRIFFIN'S $824.69 CLAIM.

POINT THREE

THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WITH ITS DISCRETIONARY $31,138.00 SANCTIONS THAT EXCEEDED THE SPECIAL CIVIL PART'S $20,00[0] JURISDICTIONAL LIMIT.

POINT FOUR

THIS COURT HAS LONG HELD CONTRACTUAL RIGHTS IN DISHONORED CHECKS ARE FREELY

6

ASSIGNABLE UNDER N.J.S.[A.] 2A:25-1; AND THAT THE PUBLIC POLICY OF NEW JERSEY DOES NOT BAR ENFORCEMENT OF ASSIGNED 12 N.J.S.A. 3-414 [SIC] CHECK RECOUPMENT CLAIMS.

POINT FIVE

GIVEN TRAVELERS DOES NOT CLAIM IT HAS ITS ORIGINAL PAID-CHECK . . . AS REQUIRED BY N.J.R.E. 1002 TO PROVE A CHECK'S ORIGINAL CONTENTS; AND GIVEN THIS COURT'S OBJECTIVE STANDARDS FOR AN AWARD FOR FRIVOLOUS LITIGATION SANCTIONS IN BELFER], 322 N.J. SUPER. [AT 145]; TRIFFIN ARGUES HIS INSISTENCE UPON TRAVELERS PRODUCTION OF A 12 U.S.C.A. 5003 COMPLIANT COPY OF TRAVELERS' PAID CHECK . . . IS NOT SANCTIONABLE UNDER THE SUPREMACY CLAUSE, OR THE PLAIN LANGUAGE OF 12 U.S.C. 5003.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court, namely, the standard set forth in Rule 4:46-2(c). Conley v. Guerrero, 228 N.J. 339, 346 (2017). Thus, we consider, as the trial court did, whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

7

If, as here, there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." Dickson v. Cmty. Bus Lines, 458 N.J. Super. 522, 530 (App. Div. 2019) (citing Prudential Prop. & Cas. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998)). We accord no deference to the trial judge's conclusions of law and review these issues de novo. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

A trial judge's decision whether to award sanctions under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 for frivolous litigation is reviewed for abuse of discretion. McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011). Reversal is warranted "only if [the trial judge's decision] 'was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Ibid. (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

Applying these standards, we have considered Triffin's contentions in light of the record and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons articulated by the trial court.

Pursuant to the plain language of N.J.S.A. 12A:3-414(c), the trial court properly concluded that Travelers was not liable to Triffin for the check Cranmer

deposited at his bank before he attempted to receive payment a second time from a check cashing company. Because Triffin refused to withdraw his meritless complaint after being repeatedly advised of its deficiencies, the court also did not abuse its discretion by awarding frivolous litigation sanctions to Travelers under Rule 1:4-8 and N.J.S.A. 2A:15-59.1.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION