**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0557-23

JANET YIJUAN FOU,

     Plaintiff-Respondent,

v.

KEVIN KERVENG TUNG, PC,
and KEVIN TUNG, ESQ.,

     Defendants-Appellants.

_____

Submitted November 20, 2024 – Decided February 3, 2025

Before Judges Currier and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6259-12.

Kevin Kerveng Tung, PC and Kevin K. Tung, appellants pro se.

Pashman Stein Walder Hayden, PC, attorneys for respondent (James A. Plaisted and Michael J. Zoller, on the brief).

PER CURIAM

In this matter, heard back-to-back with Fou v. Tung, No. A-377-22 (App. Div. (Jan. 22, 2025)), we consider the award of attorney's fees to plaintiff under N.J.S.A. 2A:15-59.1 as a sanction for defendants' (Tung) frivolous filing. Because we discern no abuse of discretion in the court's order awarding the fees, we affirm.

The facts and lengthy procedural history are set forth in our prior opinions and need not be repeated here. Essentially, Tung represented plaintiff in a matrimonial action against her husband. Fou v. Tung (Fou), No. A-4690-18 (App. Div. Aug. 25, 2021) slip op. at 2-3. After the entry of final judgment of divorce, plaintiff sued Tung, alleging he was negligent in his representation of her. Id. at 13-14. The jury agreed and awarded plaintiff damages. Id. at 24-25. We affirmed the finding of negligence but slightly modified the final judgment to comport with the evidence presented at trial. Id. at 55-56. We remanded to the trial court to enter a revised judgment reflecting the proper award of damages. Id. at 56.

After the New Jersey Supreme Court denied certification, Fou v. Tung, 251 N.J. 192 (2022), Tung moved for leave to file a petition for writ of certiorari to the United States Supreme Court. The petition was denied in January 2023. Tung v. Fou, 143 S. Ct. 746 (2023).

Tung also sought to collaterally attack the judgment by attempting to intervene in the divorce proceedings. Fou, slip op. at 13. The trial court and this court denied the motions. Thereafter, Tung again petitioned for certification to the New Jersey Supreme Court, which denied the petition in April 2021. Fou v. Fou, 246 N.J. 49 (2021). The United States Supreme Court subsequently denied certification. Tung v. Fou, 142 S. Ct. 100 (2021).

When Tung had exhausted all avenues for appeal, plaintiff requested the trial court enter the revised final judgment in accordance with this court's August 25, 2021 opinion. In response, Tung moved to vacate the final judgment.

The trial court denied Tung's motion and subsequently entered an amended final judgment. The trial court also entered an order finding Tung's motion was a frivolous filing under the Frivolous Litigation Statute (FLS), N.J.S.A. 2A:15-59.1, and awarding plaintiff attorney's fees of $7,965 as a sanction permitted under the statute.

Tung appealed from both orders. We affirmed the order entering an amended final judgment. Fou v. Tung, No. A-3377-22 (App. Div. Jan. 22, 2025) (slip op. at 5).

We now address the order for sanctions. In granting plaintiff's application for attorney's fees under the FLS, the court stated:

3

> The motion is granted because [Tung's] motion to vacate judgment, which essentially asked a trial . . . court to take action which was refused by the Appellate Division, the [New Jersey] Supreme Court and the United States Supreme Court in the course of [Tung's] unsuccessful appeals, was frivolous per se as a matter of law, a fact that would be evident to anyone with a cursory knowledge of the structure of the state judiciary under Article VI of the NJ Constitution, let alone someone licensed to practice law in this State.

After considering the documents supporting the application, the court reduced the requested hourly rate, denied an enhancement and awarded plaintiff $7,965 in attorney's fees relating to the work performed regarding Tung's motion to vacate final judgment.

On appeal, Tung contends the court erred in awarding fees because he filed the motion in good faith, and plaintiff did not serve the appropriate notice under the FLS prior to requesting sanctions.

We review a trial judge's decision on a motion for sanctions under the FLS for an abuse of discretion. Wolosky v. Fredon Twp., 472 N.J. Super. 315, 327 (App. Div. 2022) (citing McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011)).

The FLS "serves a punitive purpose, seeking to deter frivolous litigation," and "a compensatory purpose, seeking to reimburse 'the party that has been victimized by the party bringing the frivolous litigation.'" Toll Bros., Inc. v.

Twp. of W. Windsor, 190 N.J. 61, 67 (2007) (quoting Deutch & Shur, P.C. v. Roth, 284 N.J. Super. 133, 141 (Law Div. 1995)).

The FLS provides that a trial judge may find a filing of a non-prevailing party frivolous when:

> (1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
>
> (2) The non-prevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
>
> [N.J.S.A. 2A:15-59.1(b)].

In our decision affirming the final judgment with modification, we instructed "the [trial] court to enter a revised judgment awarding plaintiff $449,798.59 in damages and providing for interest on the attorney's fee award in accordance with the Rules of Court." Fou, slip op. at 56. The remand was only for a clerical task; the remainder of our lengthy thorough opinion considered and rejected every argument proffered by Tung to overturn the jury verdict and other components of the final judgment. There was no provision for Tung to retry or relitigate previously raised issues. Tung then appealed our

decision to our Supreme Court and through the federal court system, including the United States Supreme Court. All appeals were denied.

Therefore, Tung's motion to vacate the final judgment could only be construed as being brought in bad faith. The procedural history left Tung without any grounds to attack a trial court order that was entered pursuant to this court's order. Tung's motion reiterating arguments as to previously decided issues was made in bad faith. As an attorney, Tung knew or should have known that after he pursued and exhausted every avenue of appeal, that any prior litigated and decided issues would be precluded and in turn deemed frivolous.

We turn to Tung's procedural argument regarding the sanction. As we have stated, the FLS and Rule 1:4-8 are interpreted restrictively so that "the right of access to the court [is] not . . . unduly infringed upon, honest and creative advocacy [is] not . . . discouraged, and the salutary policy of the litigants bearing, in the main, their own litigation costs, [are] not . . . abandoned." Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 444 (App. Div. 2024) (quoting Wolosky, 472 N.J. Super. at 327).

Prior to seeking sanctions under Rule 1:4-8, the movant must provide written notice to the offending party demanding withdrawal of the frivolous pleading. Toll Bros., 190 N.J. at 69. Specifically, Rule 1:4-8(b)(1) requires the

6

notice and demand . . . shall (i) state that the paper is believed to violate the provisions of this rule, (ii) set forth the basis for that belief with specificity, (iii) include a demand that the paper be withdrawn, and (iv) give notice, except as otherwise provided herein, that an application for sanctions will be made within a reasonable time thereafter if the offending paper is not withdrawn within [twenty-eight] days of service of the written demand. If, however, the subject of the application for sanctions is a motion whose return date precedes the expiration of the [twenty-eight]-day period, the demand shall give the movant the option of either consenting to an adjournment of the return date or waiving the balance of the [twenty-eight]-day period then remaining. A movant who does not request an adjournment of the return date as provided herein shall be deemed to have elected the waiver. The certification shall also certify that the paper objected to has not been withdrawn or corrected within the appropriate time period provided herein following service of the written notice and demand.

Rule 1:4-8(f) states: "[t]o the extent practicable, the procedures prescribed by this rule shall apply to the assertion of costs and fees against a party other than a pro se party pursuant to N.J.S.A. 2A:15-59.1." "Thus, a litigant moving for counsel fees and costs pursuant to N.J.S.A. 2A:15-59.1 is required to comply with Rule 1:4-8(b)(1) . . . , but only '[t]o the extent practicable.'" Bove v. AKPharma Inc., 460 N.J. Super. 123, 150-51 (App. Div. 2019) (second alteration in original) (quoting R. 1:4-8(f)).

The Rule requires a court "to assess whether it is practicable under all the circumstances to require strict adherence to the requirements of Rule 1:4-8." Toll Bros., 190 N.J. at 72. "If a court determines that compliance could have occurred earlier, the sanction should be reduced concomitantly." Id. at 72-73. "Counsel fees and costs should be calculated from the point when compliance was practicable." Id. at 73. When the court determines compliance was practicable from the time ordinarily required under the rule, sanctions may be entirely denied. Ibid. Further, the law does not automatically excuse non-compliance with the safe-harbor provision just because the moving party believes that any notice and demand would be meaningless and ignored by the offending party. Id. at 71-73.

Here, plaintiff did not provide notice to Tung as required under Rule 1:4-8(b)(1)'s safe-harbor provision and the trial court did not conduct a practicability analysis. However, the Toll Brothers Court has advised the practicality element of the Rule "requires a fact-sensitive analysis." 190 N.J. at 71.

In reviewing the unique circumstances presented here, we are satisfied it was not practicable for plaintiff to serve a safe-harbor letter. The initial matrimonial action began more than fifteen years ago. The trial in the malpractice action took place in 2018. Our opinion was issued in August 2021,

8

affirming the jury's finding of negligence and remanding solely for the trial court to enter an amended judgment in accordance with our decision. For the next two years, Tung pursued appeals in our Supreme Court and in the federal judicial system. All of his arguments regarding the trial court's and this court's orders were rejected. Nevertheless, in May 2023, Tung moved to vacate the final judgment. As explained above, this was undisputably a frivolous filing. Thereafter, plaintiff moved for sanctions under the FLS and Rule 1:4-8.

In light of the unprofessional behavior exhibited by Tung in bad faith throughout this litigation, we cannot reward Tung by requiring strict adherence to the Rule in this case. To do so would undermine the principles behind the FLS and Rule 1:4-8, including "the policy interests of deterrence and reparations." Toll Bros., 190 N.J. at 72. Therefore, we are satisfied the trial court did not abuse its discretion in awarding plaintiff counsel fees under Rule 1:4-8.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0557-23