**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2254-24

LAW OFFICES OF GARY
S. PARK, PC,

      Plaintiff-Respondent,

v.

SUNG H. JANG and
SJ LAW,

      Defendants-Appellants.

_____

Submitted January 14, 2026 – Decided March 11, 2026

Before Judges Currier and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3241-24.

SJ Law and Law Offices of Matthew Jeon, PC, attorneys for appellant (Sung H. Jang and Matthew Jeon, on the briefs).

Albert H. Wunsch, III, attorney for respondent (Albert H. Wunsch, III, of counsel and on the brief; Jeffrey Zajac, on the brief).

PER CURIAM

Defendants Sung H. Jang and SJ Law appeal from the Law Division's February 14, 2025, order denying a motion for sanctions against plaintiff. We affirm.

I.

Sung H. Jang was an associate at plaintiff's law firm and later became its managing attorney. In July 2020, Jang left the firm to establish her own practice. Following her departure, twenty-two clients transferred their representation to defendant's new firm.

In July 2021, plaintiff sued defendants alleging breach of fiduciary duty and duty of loyalty, and tortious interference with client contracts. Specifically, plaintiff alleged Jang engaged in improper conduct before her departure from the firm, including soliciting clients and diverting business in which plaintiff had invested significant effort and resources. Plaintiff also accused Jang of removing and copying confidential materials and making misleading representations to clients about the firm's status, its reputation, and the progress of their cases. Plaintiff contended Jang used firm resources to represent clients without authorization and bound plaintiff to external vendors without consent.

A-2254-24

In August 2021, Jang moved to dismiss the complaint under Rule 4:6-2(e). The trial court denied the motion in September 2021, and we denied defendant's request for leave to appeal. In November 2021, plaintiff amended its complaint and added claims for fraud and deceit, quantum meruit, and unjust enrichment. In January 2022, defendants again moved to dismiss the complaint. Plaintiff did not oppose the application. The trial court granted the motion and dismissed the complaint with prejudice. Plaintiff did not pursue the matter further.

In June 2024, plaintiff filed a new complaint alleging breach of contract, conversion, unjust enrichment, and breach of the covenant of good faith and fair dealing. It also sought punitive damages. In August 2024, defendants served plaintiff with a notice of frivolous litigation under Rule 1:4-8 and referenced the prior dismissal with prejudice and requesting withdrawal of the new complaint. Plaintiff did not withdraw the 2024 complaint within the twenty-eight-day "safe harbor" period established under Rule 1:4-8. In September 2024, defendants moved to dismiss the complaint. A different motion judge granted the application and concluded the claims were barred by res judicata and the entire controversy doctrine.

A-2254-24

In January 2025, defendants moved for counsel fees under N.J.S.A. 2A:15-59.1. In February 2025, the court denied the request concluding plaintiff did not file the 2024 complaint in bad faith:

> [T]he [c]ourt cannot conclude that [ ] plaintiff displayed the "requisite bad faith or knowledge of lack of well-groundedness" in pursuing his claim. Iannone [v. McHale], 245 N.J. Super. [17,] 31 [(App. Div. 1990)]. The filing of the [2024] complaint that included a cause of action for breach of contract does not support [d]efendant's position that i[t] was filed in bad faith or with a purpose to harass. Simply because the [2024] complaint was dismissed on the basis of the entire controversy doctrine and res judicata, without more, does not suffice to establish [the] losing party's bad faith.

Defendants appealed and claimed the trial court incorrectly denied their request for sanctions because plaintiff's refiling was objectively unreasonable and was pursued in bad faith. We disagree.

II.

We review a determination regarding an award or denial of sanctions under an abuse of discretion standard. United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009); In re. Est. of Ehrlich, 427 N.J. Super. 64, 76 (App. Div. 2012). A motion court misapplies its discretion if it decides a matter "'without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex

4

Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Rule 1:4-8 authorizes sanctions against attorneys and self-represented parties for frivolous litigation. The Rule supplements N.J.S.A. 2A:15-59.1, which permits the trial court to award to a prevailing party in a civil action "all reasonable litigation costs and reasonable attorney fees, if the judge find at any time during the proceedings or upon judgment that a complaint, counterclaim, crossclaim or defense or the non[-]prevailing person was frivolous." N.J.S.A. 2A:15-59.1(a)(1).

"'[T]he term frivolous should be given a restrictive interpretation' to avoid limiting access to the court system." First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 433 (App. Div. 2007) (quoting McKeown Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 561-62 (1993)) (internal quotation marks omitted). To find a pleading was frivolous, a motion court must conclude the filing was made "in bad faith solely for the purpose of harassment, delay or malicious injury," N.J.S.A. 2A:15-59.1(b)(1) or "[t]he non[-]prevailing party knew, or should have known" the filing "was without any reasonable basis in law or equity," N.J.S.A. 2A:15-59.1(b)(2). Similarly, "'[f]or purposes of imposing sanctions under Rule 1:4-8, an assertion is

5

A-2254-24

deemed frivolous when no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" Bove v. AkPharma, Inc., 460 N.J. Super. 123, 148 (App. Div. 2019) (quoting United Hearts, 407 N.J. Super. at 389) (internal quotations omitted).

"Sanctions are not to be issued lightly; they are reserved for particular instances where a party's pleading is found to be 'completely untenable,' or where 'no rational argument can be advanced in its support.'" McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 499 (App. Div. 2011) (quoting United Hearts, 407 N.J. Super. at 389); see also Bove 460 N.J. Super. at 148 (noting sanctions under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 are awarded only in exceptional cases). Simply because "some of the allegations made at the outset of litigation [that] later prove [ ] to be unfounded do[] not render [the complaint] frivolous." Ibid. (second alteration in the original) (quoting Iannone, 245 N.J. Super. at 32).

"When the [non-prevailing party's] conduct bespeaks an honest attempt to press a perceived though ill-founded and perhaps misguided, claim, he or she should not be found to have acted in bad faith." Bove, 460 N.J. Super. at 151 (alteration in original) (quoting Belfer v. Merling, 322 N.J. Super. 124, 144-45 (App. Div. 1999)); see also First Atl. Fed. Credit Union, 391 N.J.

6

Super. at 432 ("Where a party has reasonable and good faith belief in the merit of the cause, attorney's fees will not be awarded."); K.D. v. Bozarth, 313 N.J. Super. 561, 574-75 (App. Div. 1998) (declining to award attorney's fees as sanctions under Rule 1:4-8 where there was no showing the attorney acted in bad faith).

In its written statement of reasons supporting the denial of defendants' application, the court observed the 2024 complaint included new causes of action and, specifically, a breach of contract claim. Although the complaint was dismissed, the motion judge ultimately concluded plaintiff did not act in bad faith in bringing these allegations. In view of the principles governing adjudication of sanctions requests and mindful of our discretionary standard of review, we discern no reason to overturn the court's conclusion that sanctions were not warranted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-2254-24