**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0606-19

BARRY HIRSCHBERG and
ELIZABETH HIRSCHBERG,

     Plaintiffs-Appellants/
     Cross-Respondents,

v.

BOROUGH OF NORTHVALE,
BOROUGH OF NORTHVALE
PLANNING BOARD, JORGE
PEREZ and EMMA PEREZ,

     Defendants-Respondents,

and

NER FAMILY ASSOCIATES, LLC,
ROBERT U. DEL VECCHIO,
ROBERT A. DEL VECCHIO,

     Defendants-Respondents/
     Cross-Appellants.

_____

Argued January 12, 2022 – Decided February 16, 2022

Before Judges Gilson, Gooden Brown, and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000102-19.

Barry Hirschberg argued the cause pro se.

Mariya Gonor argued the cause for respondents/cross-appellants NER Family Associates, Rubert U. Del Vecchio and Robert A. Del Vecchio (Beattie Padovano, LLC, attorneys; Antimo Del Vecchio, of counsel and on the briefs; Mariya Gonor, on the briefs).

Justin D. Santagata argued the cause for respondent Borough of Northvale (Kaufman Semeraro & Leibman, LLP, attorneys; Justin D. Santagata, on the brief).

Gregg F. Paster argued the cause for respondent Borough of Northvale Planning Board (Gregg F. Paster & Associates, attorneys; Gregg F. Paster, of counsel and on the brief).

PER CURIAM

In this quiet-title action regarding a right-of-way (ROW), plaintiffs appeal orders granting defendants' motions to dismiss and an order denying plaintiffs' motion for reconsideration of those orders. Defendants NER Family Associates, LLC, Robert U. Del Vecchio, and Robert A. Del Vecchio (collectively, NER defendants) cross-appeal the denial of their cross-motion for sanctions against plaintiffs pursuant to Rule 1:4-8. We affirm the orders substantially for the reasons set forth in Judge James J. DeLuca's comprehensive, written decisions.

2

As Judge DeLuca held granting defendants' motions to dismiss, "[r]egardless of how [p]laintiffs frame the issue, . . . [p]laintiffs again seek to assert that they have an exclusive right to the ROW.  Such issue was at the heart of each of the previous actions and at every level of the New Jersey court system, [p]laintiffs' arguments have been rejected."  He correctly concluded, "[a]s such, the [c]omplaint . . . is ripe for dismissal."

During oral argument, plaintiff Barry Hirschberg urged us to reverse, contending this case must proceed so the metes and bounds of plaintiffs' property could be established and plaintiffs would know where they can install a fence.  We disagree.  The metes and bounds of their property are set forth in the October 4, 1978 deed memorializing plaintiffs' acquisition of the property from the prior owners.  Subject to local ordinances, plaintiffs can install a fence on that property; they cannot install a fence beyond that property.  As Judge DeLuca found, plaintiffs' efforts to prove an exclusive ownership interest in land beyond those metes and bounds have been consistently rejected by our courts.

We review a trial court's denial of a motion to impose frivolous-litigation sanctions under an abuse-of-discretion standard.  See McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 497-98 (App. Div. 2011).  Because Judge DeLuca did not

A-0606-19

abuse his discretion in denying the NER defendants' cross-motion for sanctions, we also affirm that aspect of his orders.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0606-19